## 56935. O'NEILL v. MYERS.

McMurray, Judge.
This case involves a complaint to remove an obstruction from a private right-of-way and easement. The obstruction was ordered removed in the court of probate and, on appeal to the superior court, it was likewise ordered removed within 48 hours of the filing of

the order with the clerk else, "the Sheriff is hereby ordered and directed to remove said obstruction." The defendant below appeals. *Held:*

1. Defendant contends that the written easement to be binding on her required that the grant establishing the easement should have provided that the grant was binding on the original grantor's successors in title. She contends that the grant was made binding only on "heirs and assigns of the grantor," and not as to the successors in title of the grantor, who was the defendant's predecessor in title. The grant states that the "easement is granted to the grantee herein, his heirs, successors and assigns. . ." and ". . .shall enure to the benefit of the successors in title of the grantee (the plaintiff herein)." No prescribed form of deed is necessary and essential to the validity of a deed to lands or personalty. See Code § 29-104. See also Code § 85-503.

2. "[I]f there be a covenant running with the land, then it binds any subsequent owner thereof with or without notice, for the reason that he takes no greater title than his predecessor had to convey." *Wardlaw v. Southern R. Co.,* 199 Ga. 97 (1), 98 (33 SE2d 304).

3. If the owner of the realty sells a portion thereof, imposing on his vendee restrictions relating to the use of the estate conveyed, a restriction is imposed for the benefit of the land retained, and an implied inhibition is created as to the use of the portion of the land conveyed, thus creating a covenant running with the land. *Wardlaw v. Southern R. Co.,* 199 Ga. 97, 98 (2), supra; *Taylor v. Dyches,* 69 Ga. 455, 456 (1a).

4. There is no merit in defendant's contention that the language in the easement would only bind the heirs and assigns of the grantor of the easement (her pre- decessor in title). It clearly stated that it "shall enure to the benefit of the successors in title of the grantee." Furthermore, the defendant purchased the property subject to the easement of record.

5. The next enumeration of error contends that the trial court erred in holding the plaintiff had openly and notoriously utilized the property of the defendant and had obtained an easement and right-of-way by its use for over seven years. The entire evidence of the hearing is not in

the record, so we cannot consider this enumeration of error.

6. Whether or not there exists an anomaly in the law with reference to Code § 83-119, the trial court did not err in granting an order directing the party or parties so obstructing the right-of-way to remove the obstructions thus successfully affirming the findings of the judge of the probate court who found the same thing.

*Judgment affirmed. Quillian, P.. J., and Webb, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED JANUARY 5, 1979 — REHEARING DENIED JANUARY 25, 1979 — 

*Charles T. Autry, James O. Wilson, Jr.,* for appellant.
*Ernest D. Blount,* for appellee.