## A90A1636. HOUSTON v. DEAL.
### (401 SE2d 562)

Birdsong, Presiding Judge.

Appellant W. L. Houston sued Tilman Deal for trespass and wilful tortious damage to Houston's property. Deal countersued, claiming the subject property was a road which belonged to him by operation of law because it bounded his property. The trial court granted summary judgment to Deal, by authority of *Johnson & Co. v. Arnold*, 91 Ga. 659 (18 SE 370). *Held*:

We reverse the summary judgment. This case is not controlled by *Johnson & Co. v. Arnold*, but by *Rolleston v. Sea Island Properties*, 254 Ga. 183, 187 (327 SE2d 489).

All this land originally belonged to W. L. Houston. In 1980 appellant Houston carved out five acres and sold it to Deal. The deed described the property sold as "containing 5 acres, and being bounded as follows: North by a 30 foot strip of land reserved for road purposes; West by other lands of W. L. Houston; South by other lands of W. L. Houston; and East by a 30 foot strip of land reserved for road purposes." The subject 30 foot strip of land reserved for road purposes which bounded the *east* land line of Deal's property remained woodland. In 1981, the "30 foot strip of land reserved for road purposes" which bounded the *north* land line of Deal's property was deeded by appellant to Pierce County to be used for public access to the Alapaha River, and become known as Money Hole Road. In 1984, the property to the east of the "30 foot strip of land reserved for road purposes" on Deal's east boundary was deeded by appellant to his grandson, Dewayne Johnson.

Thus, the 30 foot strip of land in question in this case sits between Tilman Deal's property to the west and Dewayne Johnson's property to the east, and extends from Money Hole Road south to lands of appellant Houston. Deal's property and Johnson's property both front on Money Hole Road.

In 1988, appellant and Deal agreed to share the expense of erecting a fence between Deal's property and this strip of land, but while

appellant was erecting the fence, Deal's wife came onto the strip of property and said her husband would not help pay for the fence. After appellant built the fence, Deal's wife again informed appellant they would not help pay for it. Shortly thereafter, Deal entered upon the strip of land and cut down several pine trees which fell upon the fence and destroyed it. After appellant brought suit, Deal's answer and counterclaim claimed ownership or easement to the 30 foot strip of property which appellant had "reserved for road purposes" on the east boundary of Deal's land.

According to *Johnson & Co. v. Arnold*, when property is conveyed as "bounded" by, or with the "boundary" of, a certain road, the buyer takes at least an easement in the road. However, the Supreme Court in *Johnson & Co. v. Arnold* premised its holding upon the presumed intent of the parties: "When, therefore, the owner of the whole fee in a tract conveys the tract, bounding it by a road . . . *and not expressly declaring in the conveyance whether he retains the fee in the road or not*, [he] may very well be understood as intending to . . . pass the fee to the middle line of the road when the vendor owns the fee on both sides. . . ." (Emphasis supplied.) Id. at 667.

It seems to us that if a person owning property in this state wishes to convey some of it to another but wishes to create, as a boundary, a strip to be used for road purposes *reserved in himself*, there should be no reason why he cannot do so. There are ways in which a locked-in landowner can acquire an easement for a road, but Deal's property fronts on Money Hole Road and is not locked in. Of course, a landowner can acquire an easement by user of such an adjoining road in an appropriate case, but this is not such a case. Although the 30 foot strip was "reserved" by Houston for road purposes, it was not a road but had trees growing on it and he kept cows on it. Since he "reserved" the land, he could use it for his private road purposes or not, but since he did "*reserve*" it, the statement in the deed that he did so "for road purposes" did not amount to an agreement to let Deal use it or to deed half of it to him. Deal had never used it as a road nor sought to use it, so he is estopped from claiming that he had acquired an easement to a "road." *Rolleston v. Sea Island Properties*, supra at 185.

The Supreme Court in *Rolleston*, recognized that the statements made in *Johnson & Co. v. Arnold* were based on the theory that *where the description in the deed is not certain, that is, if the grantor did not expressly in the deed reserve the title and right to control the area in question*, it may be concluded that the parties to the conveyance "generally intend that the grantee obtain title to a street designated as bounding his land. [Cit.]" *Rolleston*, supra at 187. So, the statement in *Johnson & Co. v. Arnold*, supra at 668, that "a road as a boundary is the road as an easement, together with such land, or

interest in land, as is necessary to full enjoyment of the easement," is distinguished here. As in *Rolleston*, supra, it does not apply because the grantor, Houston, in describing "a road as a boundary," did not leave the language uncertain but stated that the boundary was "*reserved*." He might have "reserved" it for any purpose under the sun, including to graze his cows or to dig a useless trench, or for his own use as a private road to his properties to the south. The real or proposed existence of a private road on a boundary does not ipso facto render it subject to the use of all who live near or by the place.

Moreover, lest any question remain as to intent, the affidavits produced by the appellant in response to Deal's motion for summary judgment show without dispute that the parties did not intend for the boundary to be used freely by Deal; that he never used it as a road, did not need to use it as a road, and never asked to use it as a road; and, since his five acres front onto Money Hole Road there seems no reason for him to go on it. The strip leads only to Houston's properties to the south. Houston "reserved" it for himself for road purposes, but never made it into a road. Until Deal decided to claim it for himself after he had agreed with Houston to build a fence between his property and the strip, there was no indication that Deal ever thought he should have a right to use a road there. It was not the defendant, Deal, to whom summary judgment should have gone in this case. The cases which Deal cites (*Johnson & Co. v. Arnold*, supra; *Tietjen v. Meldrim*, 169 Ga. 678 (151 SE 349); *Martin v. First State Bank &c. Co.*, 231 Ga. 511 (202 SE2d 447)), are cases where the deeds setting out "a road as a boundary" were not clear, as this one is, that the road, if there was one, was "reserved" by the grantor.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1991.

*Francis Houston*, for appellant.
*John R. Thigpen, Sr.*, for appellee.