A92A0115. GEORGIA PACIFIC CORPORATION v. JOHNS et al.
(420 SE2d 39)

BEASLEY, Judge.

Appellees Johns and Crews filed a petition against appellant Georgia Pacific Corporation in the probate court seeking "to remove obstructions from private way." OCGA § 15-9-30.1. The parties waived trial and judgment in the probate court and an appeal by consent was taken to the superior court. OCGA § 5-3-2 (a). This appeal is from a judgment entered on a jury verdict in favor of appellees. A motion for new trial was denied. Jurisdiction is proper in this court. *Carter v. Kinman*, 231 Ga. 759 (204 SE2d 299) (1974).

In 1988, appellant purchased the Brunswick Paper Company, with the knowledge that there existed on the property five private roads, not exceeding 20 feet in width, used regularly by the general public. Appellant thereafter leased a portion of the land to certain hunting clubs, allowing the lessees to install gates on those roads to block public access. Appellant preferred that the gates remain in place.

Appellees are two members of the general public who had regularly used those roads for the past 20 years to access the Satilla River for fishing and hunting. Johns established that he had utilized all five roads while Crews' use was limited to two. Over the years they performed certain repair and maintenance work on the roads, including bridge repair, removal of trees and bushes, and filling in areas of washout. They never sought permission from appellant's predecessor-in-title to either utilize or repair the roads. Appellant denied knowledge of any maintenance or repair work performed by appellees, but it knew that the roads were openly being used by the general public. The jury awarded prescriptive right-of-way to the five roads to Johns, and to Crews with respect to two. In accordance therewith, appellant was ordered to remove all obstructions to those rights-of-way.

Appellant asserts that the verdict was contrary to the evidence. "OCGA § 44-9-1 provides: 'The right of private way over another's land may arise from an express grant, from prescription by seven years' uninterrupted use through improved lands or by 20 years' use through wild lands.' OCGA § 44-9-54 is as follows: 'Whenever a private way has been in constant and uninterrupted use for seven or more years and no legal steps have been taken to abolish it, it shall not be lawful for anyone to interfere with that private way.' 'In order to sustain (a proceeding under OCGA § 44-9-59 (a) to remove an obstruction from a private way) it is necessary for the applicant to show that he has been in uninterrupted use of the way for seven years or more, that it does not exceed (20 feet, OCGA § 44-9-40 (a)) in width, that it is the same number of feet originally appropriated, and that he has kept it open and in repair during such period. (Cits.)' [Cit.]"

*Rizer v. Harris*, 182 Ga. App. 31, 32 (2) (354 SE2d 660) (1987).

The evidence showed that appellant's predecessor-in-title never prevented the public from using the roads, and that appellees never sought permission to do so. Even if appellees' use of the roads had originated with permission, the making of repairs gave notice of an adverse claim of right. "The gist of the requirement as to repairs is not so much the repairs as the *notice* which is given by the repairs." (Emphasis in original.) *First Christian Church v. Realty Investment Co.*, 180 Ga. 35, 39 (178 SE 303) (1934). "[T]he crux of the requirement for repairs lies not in the actual effectuation of repairs by the prescriber but in the notice of adverse use the performance of such repairs would give to the property owner. The importance of this 'notice by repair' requirement is best illustrated in situations where the initial use of the private way was permissive." *Rizer*, supra at 33.

Appellant asserts that the making of repairs which are not obvious to the owner is insufficient to put the owner on notice of an adverse claim of right. However, there was testimony to the effect that the repairs were extensive enough to put the owner on notice that others were using the road. Compare *First Christian Church*, supra. Construing the evidence most favorably to the prevailing party, it was sufficient to support the verdict.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1992 —
RECONSIDERATION DENIED JUNE 23, 1992.

*Earl D. Smith, Jr.*, for appellant.
*John R. Thigpen, Sr.*, for appellees.