A92A0815. PROFESSIONAL CONSULTING SERVICES OF
GEORGIA, INC. v. IBRAHIM.
(426 SE2d 376)

COOPER, Judge.

This appeal arises out of an action brought by appellant, a computer consulting company, against appellee, a former employee of appellant, for damages stemming from an alleged breach of an employment contract. Appellee answered and filed a counterclaim asserting several theories of liability and seeking damages and expenses of litigation. The jury returned a verdict in favor of appellee on the main claim and on Count I of appellee's counterclaim for lost wages and awarded appellee damages and attorney fees. Appellant appeals from

the judgment entered on the jury verdict and from the denial of its motion for judgment n.o.v. and motion for new trial.

The evidence adduced at trial was often in conflict but reflects the following: Appellee was first hired by appellant to work as a systems analyst at an annual salary of $35,000, beginning August 26, 1986. Appellant contends that on December 11, 1986, appellee quit his job to work in his brother's laundry business. Appellee maintains that he was available for work after December 11, 1986, and that he performed work for appellant as a systems analyst after December 11. However, both parties agree that on May 1, 1987, appellee was hired by appellant to work as a commissioned salesman at an annual salary of $24,000 plus commissions. Appellee's employment was terminated by appellant on March 25, 1988, and on March 30, 1988, appellee signed a document entitled "Receipt of Monies Owed" in which appellee acknowledged his receipt of two checks for pro-rated salary and commissions, respectively. Appellant contends that appellee signed written employment contracts for each of the two periods of employment, but appellee denied signing any written agreements and insisted instead that he was employed pursuant to an oral agreement for a period of one year. Appellee's claim of a one-year oral contract is based on a letter dated August 11, 1986, addressed to appellee, which stated therein that appellee was offered employment starting August 18, 1986, at an annual salary of $35,000. Appellee argued that he was entitled to recover damages for intentional infliction of emotional distress based on appellant's forgery of his signature on an employment contract and also that he was entitled to compensation for the period between December 11, 1986 and May 1, 1987, as well as commissions earned after May 1, 1987. The jury ruled for appellant on appellee's intentional infliction of emotional distress claim. However, on appellee's contract claim, the jury awarded appellee $15,023 in lost wages and commissions and $24,700 in attorney fees.

1. In his first three enumerations of error, appellant contends that the trial court erred in denying its motion for directed verdict made at the close of appellee's case and its motion for judgment n.o.v. and motion for new trial on appellee's claim for lost wages. We first address appellee's argument that appellant has not preserved the issue of the denial of its motion for judgment n.o.v. because appellant failed to renew its motion for directed verdict at the close of all the evidence. "Although OCGA § 9-11-50 (b) provides that a motion for judgment n.o.v. may be made '(w)henever a motion for a directed verdict made at the close of all the evidence is denied,' the Supreme Court held in *Department of Transp. v. Claussen Paving Co.*, 246 Ga. 807, 809 (2) (273 SE2d 161) (1980) that the statutory phrase 'at the close of all the evidence' 'do(es) not deny to a defendant who has moved for a directed verdict at the close of the plaintiff's evidence the

opportunity to move for judgment (n.o.v.) on the grounds presented in his motion for directed verdict.' " *Marett v. Professional Ins. Careers*, 201 Ga. App. 178 (1a) (410 SE2d 373) (1991). Accordingly, appellant's enumeration of error is properly before us.

"The standard of appellate review of a trial court's denial of a motion for a directed verdict is the 'any evidence test.' [Cit.]" *Little v. Little*, 173 Ga. App. 116 (1) (325 SE2d 624) (1984). "The issues of a directed verdict and judgment n.o.v. are reviewed on the same basis. [Cit.] '(T)he question before this court is not whether the verdict and the judgment of the trial court [were] merely authorized, but is whether a contrary judgment was demanded.' [Cits.] A judgment n.o.v. is properly granted only when there can be only one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. [Cits.]" *Stone v. Cook*, 190 Ga. App. 11 (1) (378 SE2d 142) (1989). Also, " '[t]he grant or denial of a motion for new trial . . . is a matter within the sound discretion of the trial court and will not be disturbed . . . if there is "any evidence" to authorize it.' [Cit.]" *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858 (3) (360 SE2d 418) (1987). Although the evidence presented at trial was largely conflicting on the issue of the term of appellee's employment, there was evidence from which the jury could have concluded that appellee was hired on August 18, 1986, for a one-year period and that appellee continued to perform services for appellant between December 11, 1986 and May 1, 1987, for which he was due compensation. Appellant also argues that appellee's signature on the document entitled "Receipt of Monies Owed" and acceptance of the checks enclosed therein constituted an accord and satisfaction. However, this argument was not raised during appellant's motion for directed verdict. " 'A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal.' " *Hercules Automotive v. Hayes*, 194 Ga. App. 135 (2) (389 SE2d 571) (1989). Accordingly, appellant's accord and satisfaction argument presents nothing for review.

2. Appellant next contends that the trial court erred in denying its motion for judgment n.o.v. on the issue of attorney fees. Our review of the record reveals that appellant did not move for a directed verdict on the issue of attorney fees. Hence, this issue has not been preserved for our review. See *Hercules*, supra.

3. Appellant also argues that the trial court erred in denying its motion for new trial on the issue of attorney fees. "The issue of attorney fees under OCGA § 13-6-11 is a question for the jury and an award will be upheld if any evidence is presented to support the award. [Cit.]" *Arford v. Blalock*, 199 Ga. App. 434 (9) (405 SE2d 698) (1991). A jury may allow the expenses of litigation "where the plain-

tiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ." OCGA § 13-6-11. Defendants generally may not avail themselves of the remedies allowed under the section. See *Vogtle v. Coleman*, 259 Ga. 115 (3) (376 SE2d 861) (1989). "A plaintiff, however, is entitled to recover attorney fees only for that portion of the fees which are allocable to the attorney's efforts to prosecute the cause of action, against a particular defendant, on which the prayer for attorney fees is based. [Cits.]" *Arford*, supra at 439 (10). Appellee's attorney testified that "the time that has been spent by me in the defense of this case in behalf of [appellee] is 247 hours. And that works out to be $24,700." "No evidence was presented from which the jury could determine what portion of the total amount of attorney time and litigation expenses incurred . . . was attributable to [appellee's counterclaim] against [appellant]." *Arford*, supra. Therefore, we must conclude that the trial court erred in denying appellant's motion for new trial on the issue of attorney fees.

4. In its final enumeration of error, appellant contends that the trial court erred in allowing appellee to testify about other litigation in which appellant was involved. During cross-examination by appellant's counsel, appellee was asked whether he had told certain persons not to give a deposition. Appellee responded by extensively describing the nature of his communication with those persons and explaining his motive for contacting those persons about the depositions. Appellant's counsel objected to the testimony on the grounds that it was not responsive, but the trial court overruled the objection, reasoning that appellant's counsel's question invited appellee to give a full explanation. We agree. A review of the transcript reveals that appellant's counsel repeatedly pursued the line of questioning with appellee even after the trial court overruled its objection. Appellant's argument that appellee's answer violated the trial court's order which excluded evidence related to other litigation initiated by appellant is likewise without merit. Appellee's counsel did not solicit the testimony; nor did appellee volunteer the information. Appellant's counsel induced appellee's explanation by continuing to insist on an answer to the question. Furthermore, appellant has failed to either allege or show any prejudice resulting from the testimony. See *Merrill v. Eiberger*, 198 Ga. App. 806 (403 SE2d 91) (1991). Accordingly, we find no error in this enumeration of error.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992

*Jeffrey B. Talley & Associates, Jeffrey B. Talley, Michael W. Lord, Chamberlain, Hrdlicka, White, Williams & Martin, John M. Millkey*, for appellant.
*Carl V. Kirsch*, for appellee.
Ali I. Ibrahim, *pro se*.