A95A0737. SIGNSATION, INC. et al. v. HARPER.
(460 SE2d 854)

RUFFIN, Judge.

James Harper sued Signsation, Inc., and its president, Amararh Kisseih, for breach of contract, fraudulent misrepresentation, and promissory estoppel. He sought recovery of profits generated by machines he leased and provided to Signsation under a 1987 agreement and funds he lent them under 1989 written and oral agreements. Signsation and Kisseih appeal from the jury's verdict and the court's judgment in favor of Harper.

The 1987 agreement required Harper to furnish two machines to be used in Signsation's sign-making business. In return, Harper was to receive 30 percent of the profits from the machines. The agreement stated that an accounting on the machines' business would be provided on the twentieth of each month. It also indicated that the agreement would be dissolved if Signsation went out of business.

The 1989 loan agreement required Harper to lend $10,000 to Signsation in return for 33 percent of its ownership. It also provided that Signsation would repay the loan unless it ceased doing business. Signsation agreed to make minimum monthly payments of $300 to $400 on the loan. In addition, the agreement required that Signsation's legal status be changed to reflect its altered ownership.

Harper claimed that between 1987 and 1989 he loaned Signsation and Kisseih over $25,600 under oral agreements that he would be repaid. When Signsation and Kisseih failed to honor the agreements, Harper removed the machines from the business, which folded several weeks later.

After a trial on the merits, the jury returned a verdict for Harper. It awarded him $37,934.52 in damages and $11,472.78 in attorney fees and expenses from Signsation and $12,434.52 in damages and $11,472.78 in attorney fees and expenses from Kisseih.

1. Kisseih argues that the trial court erred in refusing to give his requested jury charge on the Statute of Frauds which provides that promises to answer for the debt of another must be in writing.

The Statute of Frauds is a defense which generally must be raised affirmatively in the answer to a complaint. OCGA § 9-11-8 (c). Failure to raise it in the "pleadings, by motion, or in the pre-trial order" results in waiver of the defense. *Brantley Co. v. Simmons*, 196 Ga. App. 233, 234 (395 SE2d 656) (1990); *Life Care Ambulance v. Hosp. Auth. of Gwinnett County*, 202 Ga. App. 864, 866, n. 1 (415 SE2d 502) (1992). "It is too late to raise it initially in the middle of the trial. [Cit.]" *Owens v. Owens*, 248 Ga. 720, 722 (3) (286 SE2d 25) (1982) (statute of limitations is affirmative defense which cannot be raised in mid-trial). This rule may be inapplicable, however, when evidence pertaining to the issue is introduced without objection, the opposing party is not unfairly surprised, and the issue is actually litigated. See *Bowers v. Howell*, 203 Ga. App. 636 (1) (417 SE2d 392) (1992).

The record fails to demonstrate that Kisseih raised the Statute of Frauds defense at the pleading stage of this action. The complaint clearly specified that Harper was claiming money he loaned to the defendants under an oral agreement. Thus, Kisseih had reason to raise the affirmative defense but did not. Under these circumstances, raising the issue initially in written proposed jury charges during trial would not avert the waiver of the Statute of Frauds defense. Accordingly, the trial court properly declined to charge the jury on this issue.

2. Kisseih argues that the trial court erred in denying his motion for judgment n.o.v. because the verdict and amount of damages awarded lacked evidentiary support. He claims his motion was improperly denied because Signsation ceased operations when Harper removed his machines and Harper should not profit from this act. Kisseih further asserts that the evidence of lost profits was impermissibly speculative and the attorney fees award requires reversal because the refusal to pay a disputed claim is insufficient to establish stubborn litigiousness. He also maintains that judgment n.o.v. was warranted because, by their terms, the contracts at issue dissolved when Signsation went out of business.

The standard of appellate review for the denial of a motion for judgment n.o.v. is the "any evidence test." *Professional Consulting &c. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992). Under this test, the determinative question "is not whether the verdict and the judgment of the trial court were merely authorized, but is whether a contrary judgment was demanded." (Citation and punctuation omitted.) Id. If any evidence, viewed in the light most

favorable to the victor, supported the jury's verdict, denial of the motion is not error. Id.

The evidence is sufficient to support the verdict. Harper presented evidence on the formation of the written and oral contracts, his performance of the oral contract, Kisseih's failure to provide him with the agreed-to monthly accountings despite repeated requests, the inadequate payments Harper received, the amount of money Harper contended he should have received, Kisseih's failure to restructure Signsation to reflect Harper's 33 percent ownership of Signsation and provide Harper with stock certificates, and Harper's unmet demands for payment from Kisseih. He also entered the written contracts into evidence, neither of which specified whether Kisseih was acting in his individual capacity or on behalf of Signsation.

As to whether the evidence of lost profits was impermissibly speculative, profits which can be traced solely to a breach of contract and are the immediate fruit of the contract, independent of any collateral enterprise, are recoverable. OCGA § 13-6-8. "[T]he rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty at fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance. . . ." *Ga. Ports Auth. v. Servac Intl.*, 202 Ga. App. 777, 780 (3) (415 SE2d 516) (1992).

Harper presented evidence of lost profits through charts showing monthly revenues from the machines and material costs from July 1987 through March 1989, monthly breakdowns of expenses from January through March 1989, and monthly breakdowns of revenues from January 1987 to December 1989. He also testified regarding the calculation of lost profits. This evidence, which proximately flowed from the alleged breach, was sufficient to support the jury's verdict. *Ibrahim*, supra.

Kisseih presented no legal authority for his proposition that the contracts' dissolution clauses mandated judgment n.o.v. The fact that the parties agreed to terminate the contract after Signsation ceased operations would not affect the damages for breaches of contract which occurred while the contracts were viable. See *Lothridge v. First Nat. Bank of Gainesville*, 217 Ga. App. 711 (1) (458 SE2d 887).

The jury may allow recovery of litigation expenses "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ." OCGA § 13-6-11. Proof of only one of these conditions is required for recovery, but the mere refusal to pay a disputed claim will not satisfy this

burden. *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458 (2) (278 SE2d 33) (1981). However, proof that no "bona fide controversy" exists and the plaintiff was forced to resort to the courts to collect is sufficient to establish that the defendant caused unnecessary trouble and expense. Id. The question of whether a bona fide controversy exists is for the jury. *McDevitt & Street Co. v. K-C Air &c.*, 203 Ga. App. 640 (5) (418 SE2d 87) (1992).

Harper testified that after he had made substantial payments under the contracts, Kisseih claimed that the contracts were not binding and refused to repay the money as agreed or arrange for the stock transfer required by the contract. This evidence was sufficient to support the award of attorney fees. Accordingly, the trial court properly denied the motion for judgment n.o.v.

3. Kisseih argues that the trial court erred in denying his motion to modify the judgment to conform to the evidence at trial. He maintains that, because the evidence failed to show any commingling of his assets with those of Signsation, the corporate veil was improperly pierced and he should not be held personally liable. He contends that the contracts at issue do not contemplate his personal liability and the Statute of Frauds bars the claims based on the oral contract.

The record shows that Kisseih failed to raise these issues when he moved to modify the judgment to conform to the evidence, thereby depriving the trial court of the opportunity to address them. We do not review issues raised initially on appeal. See *Jones v. Brooks County Bd. of Commrs. of Roads & Revenues*, 202 Ga. App. 515 (2) (414 SE2d 729) (1992). Moreover, in light of the findings in this case on the Statute of Frauds issue and the sufficiency of the evidence, this argument lacks merit.

4. Harper requests damages for frivolous appeal pursuant to OCGA § 5-6-6. Although we find no merit in the appeal, we cannot conclude it was asserted for purposes of delay. Accordingly, the motion is denied.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 14, 1995 —
RECONSIDERATION DENIED JULY 26, 1995.

*Gordon G. Greenhut*, for appellants.
*Smith, White, Sharma & Halpern, Jonathan Goldberg*, for appellee.