A95A1239. STUTTS et al. v. MOORE et al.
(463 SE2d 30)

BEASLEY, Chief Judge.

In this dispute about the right to use a 420-foot portion of a farm road, which is now the border between the property of defendants John C. Stutts and Audrey P. Stutts (the "Stuttses") and that of defendant Stuttson, Inc., all defendants appeal the denial of their motion for summary judgment and the grant of summary judgment to plaintiffs Buron P. Moore, Jr. and Clyde Allen Moore (the "Moores"). Although the material facts are not in dispute, the parties are at odds concerning the legal consequences which attend those facts in composite.

1. The threshold issue we confront is whether jurisdiction of this case lies in this Court. That depends on its nature.

This case began with plaintiffs filing a petition in superior court alleging defendants had blocked a farm road plaintiffs had been using to reach their property and seeking to remove the obstruction. Plaintiffs alternatively alleged they had a prescriptive easement in the road or that it was a public road. The superior court determined the case was basically an action for removal of an obstruction of a private way pursuant to OCGA § 44-9-59 and transferred the case to the probate court. After a hearing, the probate court observed that the Moores failed to introduce evidence to show: (1) notice to the owner of the two-acre tract (Stuttson's predecessor Robertson and then Stuttson) at any time since 1946 that the Moores were using the road adversely, and (2) that the Moores had no other means of access to their property. It dismissed the complaint on concluding that Leona Hunt, Buron Moore's grandmother and the common grantor, could not have impliedly reserved an easement and the Moores failed to prove they had a prescriptive easement.

Plaintiffs Moores appealed to the superior court and amended their petition to allege alternatively that they owned the farm road.

The court temporarily enjoined all defendants from the blockage. Both sets of parties moved for summary judgment. The Moores argued that Robertson, Stuttson's predecessor, never owned the road at issue. In support, they offered Robertson's deposition testimony that she did not acquire the road from her mother or intend to convey it to Stuttson. The defendants contended that the Moores' use of the road was permissive, not prescriptive, and Stuttson had a fee simple interest in the road because it was given as a boundary in the deed to Robertson.

The superior court ruled that the Moores did not own fee simple title to the road but did have an easement in it for ingress and easement as successors in title to Hunt and Mrs. B. P. Moore, Sr., based upon the express reservation of the easement in the 1979 deed from Mrs. Moore to Ryder Truck Rentals and the legal principles in *Johnson & Co. v. Arnold*, 91 Ga. 659 (18 SE 370) (1893).[1] It granted the Moores' motion and permanently enjoined the Stuttses and Stuttson from interfering with the Moores' property interest in the road.

Defendants appealed to this Court, and plaintiffs did not cross-appeal the ruling that they did not own fee simple title to the road. Had they done so, jurisdiction would probably lie in the Supreme Court. Ga. Const., Art. VI, Sec. VI, Par. III (1).

It appears this case is properly characterized as a petition for removal of an obstruction of a private way, since it essentially began as such in the probate court and was appealed as such to the superior court. The Supreme Court has held that jurisdiction of such cases lies in this Court. *Carter v. Kinman*, 231 Ga. 759 (204 SE2d 299) (1974). Consequently, we have exercised it. See, e.g., *Ga. Pacific Corp. v. Johns*, 204 Ga. App. 594 (420 SE2d 39) (1992); *Trednick v. Kramer*, 190 Ga. App. 684 (379 SE2d 633) (1989); *O'Neill v. Myers*, 148 Ga. App. 749 (252 SE2d 638) (1979). The underlying issue in such cases is essentially the same as here, i.e., whether the plaintiff has acquired the right to use such private way by prescription. The fact that the case also concerns whether plaintiffs had an easement likens it to other cases in which this court has addressed the issue of whether an easement for ingress and egress was created. See, e.g., *Chicago Title Ins. Co. v. Investguard*, 215 Ga. App. 121, 123-124 (2) (449 SE2d 681) (1994); *Bruno v. Evans*, 200 Ga. App. 437 (408 SE2d 458) (1991). See also *Krystal Co. v. Carter*, 256 Ga. 43 (1) (343 SE2d 490) (1986).

With respect to the equity issue, the Supreme Court has determined that cases in which the grant or denial of equitable relief is merely ancillary to the underlying issues of law or would be a matter of routine once the underlying issues of law are resolved are not eq-

---

[1] There actually was no dispute about the easement along the Ryder Truck property.

uity cases. *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991). The controlling issue in this case was whether the plaintiffs had an easement, prescriptive or otherwise, across the defendants' property; the question of whether the plaintiffs were entitled to injunctive relief to enforce their right, if any, is ancillary to that issue. See *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993). Injunctive relief was granted in at least one other obstruction of private way case heard by this court which was not considered to be an equity case. See *Trednick*, supra at 685. Consequently, this case must be held not to fall within the category listed in the Georgia Constitution of 1983, Art. VI, Sec. VI, Par. III (2).

2. We turn to the merits.

The parties own adjoining property. Originally, Buron Moore's grandmother, Leona Hunt, owned a nearly rectangular tract of over 95 acres, for which the road was the northern border. It has been used for over 75 years to haul timber and pulpwood from the property and as a connector between two county roads to the east and west. In 1946, Hunt conveyed her tract in two portions to her two daughters. An approximately two-acre tract, now owned by the corporate defendant Stuttson, was given by Hunt to her daughter Voncile Robertson. The deed, recorded in 1973, refers to the farm road as the tract's northern border and states that the tract is 210 feet by 420 feet. A larger tract was conveyed to Hunt's other daughter, Mrs. B. P. Moore, Sr., plaintiff Buron Moore's mother. She conveyed approximately four acres in the northwest corner of her tract (bordering Robertson's property to the west) to Ryder Truck Rentals in 1979.[2] The deed expressly reserves an easement for ingress and egress along that portion of the road which is located on the tract's northern border and runs to what was Robertson's property line.

Mrs. Moore, Sr. conveyed the tract now owned by plaintiffs to them in 1987. Their deed states that it is the same property which had been conveyed in 1946 to Mrs. Moore, Sr. It also states that it is bounded on the north in part by Robertson's land but does not refer to the road. Robertson's tract cut a two-acre rectangle from the north side of the Moores' much larger parcel.

The portion of the road at issue runs 420 feet along what was Robertson's northern border. In 1990, Robertson executed a warranty deed to Stuttson which, for the land's description, referred to a sur-

---

[2] The facts stated regarding this conveyance are recited as findings in the probate court order and as undisputed fact in the superior court order. They also are expressly agreed to by both sides in their briefs on appeal. However, the deed from Hunt to Robertson in 1946 refers to what is now the Ryder Truck Rentals property as having been conveyed by Robertson to Crawford prior to the time she was granted the two acres by her mother, Hunt. This apparent discrepancy does not affect the outcome of this appeal.

vey. The survey shows the farm road running within the boundaries of Robertson's property which is again measured as 210 feet by 420 feet. Thus, it is the same parcel Robertson acquired from Hunt originally.

In 1992, the Stuttses, owners of Stuttson, acquired a 90-acre tract along the northern border of both the Stuttson property and the Moores' property. Having control of both sides of the road for 420 feet, they blocked it. According to the Moores, the Stuttses subsequently offered to convey them a limited easement to allow ingress and egress for what was described as "an exorbitant price."

The defendants enumerate as error the grant of summary judgment based on a finding that the grantor Robertson intended to retain an easement, a fact not in the record nor stipulated to by the parties. They maintain the trial court misapplied *Johnson* and improperly adopted the doctrine of implied reservation of an easement.

The Supreme Court in *Johnson*, in determining the law in Georgia that applies in this case, followed what it considered to be the better authorities. It stated, "[T]he bounding of a tract by the edge or margin of a road will pass the fee to the middle line of the road when the vendor owns the fee on both sides. Upon the like reason, if he owns the fee on one side only, and the whole road is upon the margin of his tract, the proprietor on the opposite side not having any interest in its ownership, a conveyance of the tract as bounded by the margin of the road should, and we think would, pass the fee in the whole road." Id. at 667; see also Pindar, Ga. Real Estate Law & Procedure, § 13-10 (4th ed. 1993).

A proper application of the principles established in that case leads to the following analysis. Hunt, the original grantor in this case, owned the fee on only one side of the road, and there is no evidence or contention that the landowner on the other side had any interest in the road's ownership. Thus, when Hunt conveyed the two-acre tract bounded by the margin of the road to daughter Robertson in 1946, Hunt passed the fee in that whole portion of the road to that daughter. Hunt did not retain ownership of it or even an easement in it. Compare *Rolleston v. Sea Island Prop.*, 254 Ga. 183, 187 (5) (327 SE2d 489) (1985), where the predecessor in title, by express language on the document of conveyance, reserved the title and right to control the roadway area.

When Robertson conveyed her entire interest in the tract to Stuttson in 1990, she passed the fee simple title to that 420-foot portion of roadway to her grantee. That is precisely what is shown on the survey incorporated by reference in Robertson's deed to Stuttson, which survey she did not challenge. The Moores, adjacent property owners, never acquired an interest in that portion of the road, neither as successors in title from Hunt nor in any other manner. Unfortu-

nately for them, "[t]he real or proposed existence of a private road on a boundary does not ipso facto render it subject to the use of all who live near or by the place." *Houston v. Deal*, 198 Ga. App. 335, 337 (401 SE2d 562) (1991). Further, Georgia law prohibits implied reservations of easements in favor of sellers. *Farris Constr. Co. v. 3032 Briarcliff Rd. Assoc.*, 247 Ga. 578, 579 (277 SE2d 673) (1981); Pindar, supra, § 8-16. In addition, the absence of any evidence of the Moores' adverse use of the road at any time forecloses the creation of a prescriptive easement. OCGA § 44-9-54; *Chota, Inc. v. Woodley*, 251 Ga. 678, 679-680 (309 SE2d 132) (1983).

Consequently, we are constrained to conclude that no easement exists in favor of the Moores. Therefore, the Stuttses and Stuttson, not the Moores, are entitled to summary judgment. The probate court, which issued the original ruling in the case, was correct.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 2, 1995.

*Daniel W. Lee*, for appellants.
*H. J. Thomas, Jr.*, for appellees.