S97A1309. McCORKLE et al. v. MORGAN.

(492 SE2d 891)

THOMPSON, Justice.

In this appeal, we are called upon to decide whether a parol license can be revoked where the licensee's enjoyment of the license was not preceded necessarily by the expenditure of money. The answer is "yes."

Clifford E. Morgan, Sr., was the owner of a tract of land situated on the northeast corner of West Howard Avenue and Atlanta Avenue. On May 9, 1977, Morgan divided the property, conveying the northernmost tract (which borders Atlanta Avenue) to his daughter, plaintiff Barbara J. McCorkle, and the southernmost tract (which borders, primarily, West Howard Avenue) to his sons, Clifford E. Morgan, Jr., and James E. Morgan, Sr.[1] At that time, the northernmost tract was occupied by Acme Carpet Cleaners, Inc., and the southernmost tract was occupied by Morgan Cleaners & Laundry, Inc.[2]

The division of the property left the property line just a few feet from the front door of Acme's building, which faced West Howard Avenue. Because Acme's customers had been traversing the southernmost tract to do business with Acme, and Acme had no parking lot of its own adjacent to West Howard Avenue, Acme was given a parol license to use the southernmost tract for customer ingress, egress, and parking.

In 1995, defendant notified plaintiffs that they should cease using her property and, in 1997, she erected a chain link fence on the dividing line between the northernmost and southernmost tracts. The fence effectively prevents Acme's customers from using West Howard Avenue, as well as the parking lot.

Relying upon OCGA § 44-9-4, plaintiffs brought a declaratory judgment action, asserting that they were given a parol license to use the southernmost tract for ingress, egress, and parking; that they incurred expenses in the execution of the license; and that, therefore, the license ripened into an easement running with the land. Following a trial on the merits, the trial court determined that defendant

---

[1] Clifford E. Morgan, Jr., conveyed his interest in the southernmost tract to James E. Morgan, Sr., who died in 1993, and devised the property to his wife, defendant Betty S. Morgan.

[2] Apparently, plaintiff McCorkle's family operated Acme Carpet and defendant Morgan's family operated Morgan Cleaners.

was entitled to revoke the parol license. This appeal followed.

OCGA § 44-9-4 reads as follows:

> A parol license to use another's land is revocable at any time if its revocation does no harm to the person to whom it has been granted. A parol license is not revocable when the licensee has acted pursuant thereto and in so doing has incurred expense; in such a case, it becomes an easement running with the land.

This Code section is based on the principle that a license becomes an agreement for a valuable consideration, and the licensee a purchaser for value, where the enjoyment of the license must necessarily be *preceded* by the expenditure of money. *Miller v. Slater*, 182 Ga. 552, 558 (186 SE 413) (1936); *Woodruff v. Bowers*, 165 Ga. 408 (140 SE 844) (1927). In this case, plaintiffs began using the parking lot in 1977, and they used it for six years before they incurred any expenses in connection with it. Thus, it is clear that it was not necessary for plaintiffs to expend any money preceding their use of the parking lot. Plaintiffs simply continued to use the lot "the same as [they] had done in the past." It follows that defendant was entitled to revoke the parol license to use the lot.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 24, 1997.

*Gene E. Massafra, Christopher J. McFadden,* for appellants.

*Simmons, Warren, Szczecko & McFee, William C. McFee, Jr.,* for appellee.