A98A0849. SIMMONS v. BEARDEN et al.
(506 SE2d 220)

Judge Harold R. Banke.

J. E. Simmons appeals the superior court's judgment denying his petition against Jimmy Bearden and Church Hill Farm, Inc. (collectively "Bearden"), under OCGA § 44-9-59 to remove obstructions on a private way. Simmons contends the superior court erred by finding he "did not keep the field road open and usable, and therefore did not

---

constitute notice of intention to prescribe against Appellees' land."
*Held*:

When Bearden put up a fence to block a field road that ran through his property and the adjacent property of at least one other landowner, Simmons petitioned the probate court to remove the fence. Following an evidentiary hearing, the probate court denied the petition because the court found no evidence that the way had been kept open and in repair. Thereafter, Simmons appealed to the superior court.

In the superior court, the parties agreed to a bench trial and stipulated that the transcript of the evidence presented to the probate court along with any additional evidence the parties submitted would be the evidence in the case. The parties also stipulated that the road on Bearden's property had been used by Simmons for more than seven years, that it was not more than twenty feet wide, and that Bearden had closed the road on his property.

The superior court found the only evidence showing Simmons kept the road open and in good repair was testimony that some old limbs and dead trees were removed from the road from time to time, but there was no evidence that the road was scraped, ditched, repaired or maintained by Simmons sufficient to give notice to Bearden that Simmons intended to prescribe against Bearden's title to the road. Based on these findings, the superior court concluded that Simmons failed to establish a private right-of-way over Bearden's land and denied the petition.

Simmons was required to establish he was in uninterrupted use of the way for seven or more years, the way was not over twenty feet wide, and that he has kept the way open and in repair for at least seven years. *Ga. Pacific Corp. v. Johns*, 204 Ga. App. 594 (420 SE2d 39) (1992). If Simmons failed to show all of these requirements, he could not prevail. *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360 (434 SE2d 477) (1993). Because of the stipulation, however, the only factual issue in this case is whether Simmons kept the way open and in repair.

In private way cases the requirement to make repairs "is not so much the repairs as the *notice* which is given by the repairs." (Emphasis in original.) *First Christian Church v. Realty Investment Co.*, 180 Ga. 35, 39 (178 SE 303) (1934). "Keeping in repair" is the equivalent of action and affirmative notice of the intention to prescribe. Id. at 43. Mere use alone is not enough. *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. at 361. "Prescriptive rights are to be strictly construed, and the prescriber must give some notice, actual or constructive, to the landowner he or she intends to prescribe against." *Keng v. Franklin*, 267 Ga. 472 (480 SE2d 25) (1997).

The trial court's finding there was no evidence of repair suffi-

cient to provide notice to Bearden is fully supported by the record. Assuming, without deciding, removal of dead trees and fallen limbs could provide sufficient notice, the evidence does not show that the dead trees and fallen limbs were even removed from Bearden's property.

Factual findings of trial courts in bench trials are not set aside unless clearly erroneous. OCGA § 9-11-52 (a). As the clearly erroneous test is the same as the any evidence rule, the fact findings of a trial court will not be disturbed if there is any evidence to sustain them. *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544, 545-546 (382 SE2d 388) (1989). The factual findings are supported by the record, and the superior court did not err by denying Simmons' petition.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 21, 1998.

*Reagan W. Dean*, for appellant.
*Denney, Pease, Allison & Kirk, John W. Denney*, for appellees.