## A00A0721. LOVELL v. ANDERSON.
(530 SE2d 233)

McMURRAY, Presiding Judge.

This dispute arose over a dirt road located on land in Cherokee County owned by Jeremiah Earle Field, who died on August 12, 1997.[1] Field's nephew, Earle Lovell, uses the dirt road to access his adjoining 3.66-acre tract of land as well as a 31-acre parcel he owns.

---

[5] Id. at 403.
[6] Compare *Ga. Farm &c. Ins. Co. v. Martin*, 209 Ga. App. 237 (433 SE2d 315), rev'd on other grounds, 264 Ga. 347 (444 SE2d 739).
[1] Title to Field's property has vested in his executor, Wendell Anderson, Sr., pending resolution of litigation concerning Field's will.

The 3.66-acre tract is also accessible from Highway 20, while Lovell avers that the 31-acre tract is accessible only from the dirt road.

On April 29, 1989, Field gave Lovell the following written statement:

> Earle Lovell has permit to go on any of my land, has the right to tell anyone without written permit to leave.
>
> ,  Jerry E. Field
> R.F.D 6.
> Canton Ga.

After Field died, Wendell Anderson, Sr., the executor of Field's estate, demanded that Lovell cease traversing the dirt road and abandon all use of the estate's property. Lovell refused. Anderson, as executor, then filed an eight-count complaint against Lovell, alleging claims for injunctive relief, specific performance, trespass, private nuisance, conversion, and punitive damages. Anderson's claims for damages derive from Lovell's use of the property to grow and sell Christmas trees, among other things. Lovell counterclaimed for a declaratory judgment that he had been granted an easement to utilize the dirt road or a license which ripened into an easement.

The executor moved for partial summary judgment on the main claim as to liability and on Lovell's counterclaim, arguing that Lovell's license to traverse the dirt road was revoked upon Field's death. In support of his motion, the executor submitted the affidavit of a title expert who averred that the land records of Cherokee County reflected that no easements had been granted to Lovell to use the dirt road. Lovell filed no response to the executor's motion but argued at the hearing that the 1989 written statement constituted an express easement or a license which had ripened into an easement.

The trial court granted the executor's motion, reserving the issue of damages for trial. Lovell appeals.[2] *Held*:

1. We reject Lovell's argument that questions of fact remain as to whether his license to traverse Field's property became an easement running with the land.

Pursuant to OCGA § 44-9-4,

> [a] parol license to use another's land is revocable at any time if its revocation does no harm to the person to whom it

---

[2] The Supreme Court transferred the case to this Court, finding equitable relief was ancillary to the issue of whether Lovell had an easement. See *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328); *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208); *Stutts v. Moore*, 218 Ga. App. 624 (463 SE2d 30).

has been granted. A parol license is not revocable when the licensee has acted pursuant thereto and in so doing has incurred expense; in such a case, it becomes an easement running with the land.

As our Supreme Court has explained,

[t]his Code section is based on the principle that a license becomes an agreement for a valuable consideration, and the licensee a purchaser for value, where the enjoyment of the license must necessarily be *preceded* by the expenditure of money. *Miller v. Slater*, 182 Ga. 552, 558 (186 SE 413) (1936); *Woodruff v. Bowers*, 165 Ga. 408 (140 SE 844) (1927).[3]

Lovell deposed that he installed a gate upon the dirt road in 1986 or 1987. Lovell also testified that the road "always had a gate on it at one time or another." His deposition further revealed that he has used the road to access both of his tracts of land since he acquired the properties in approximately 1970.[4]

Two salient facts emerge from Lovell's deposition: Lovell traversed the road for at least sixteen years before he put up the gate, and he installed the gate at least two years before Anderson gave him the written statement. "Thus, it is clear that it was not necessary for [Lovell] to expend any money preceding [his] use of the [road]."[5] Accordingly, the license never ripened into an easement and was revoked upon Field's death.[6]

Moreover, Lovell's argument on appeal that the dirt road is his only avenue of ingress and egress to his 3.66-acre tract contradicts his deposition testimony that the tract is accessible from Highway 20.[7] It is well established that facts asserted in appellate briefs which are not supported by the record will not be considered on appeal.[8]

2. Lovell's contention that fact issues remain concerning whether Lovell was granted an easement in gross is likewise without merit.

An easement in gross is defined as "a right to pass over land which is *not* given for the purpose of ingress or egress to and from other land. . . ."[9] It is "a personal right and [one] not running with the land on the benefit side."[10] It may be created by express grant.

---

[3] (Emphasis in original.) *McCorkle v. Morgan*, 268 Ga. 730, 731 (492 SE2d 891).
[4] Lovell was deposed on November 2, 1998, when he was 49 years old. He testified that he had received title to his property at the age of 21.
[5] *McCorkle v. Morgan*, 268 Ga. at 731, supra.
[6] See *Cook v. Pridgen, Stapler & Dunn*, 45 Ga. 331.
[7] Counsel also conceded during the summary judgment hearing that such access exists.
[8] *Trevino v. Flanders*, 231 Ga. App. 782 (501 SE2d 13).
[9] (Emphasis supplied.) Pindar, Ga. Real Estate Law & Procedure, § 8-4 (5th ed. 1998).
[10] *Barton v. Gammell*, 143 Ga. App. 291, 293 (2) (b) (238 SE2d 445).

"Since an easement is an interest in land, however, a grant of an easement should be drawn and executed with the same formalities as a deed to real estate. . . ."[11]

> The agreement did not constitute a grant of an easement within OCGA § 44-9-1. "An express grant of an easement must contain language sufficient to designate with reasonable certainty the land over which it extends. It is generally sufficient to identify the whole tract of land owned by the grantor over which the easement passes." (Citation and punctuation omitted.) *Macon-Bibb County Indus. Auth. v. Central of Ga. R. Co.*, 266 Ga. 281, 283 (466 SE2d 855) (1996). . . . [T]he agreement was neither a deed nor in a form that could be recorded with the Clerk of the Superior Court on the deed records. . . . [I]t had no legal description to identify the property or easement. . . .[12]

So too, the writing in the case sub judice did not create an easement. Pretermitting whether it could be deemed a contract, the writing contained no legal description. At best, it was merely a revocable license.
    *Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 29, 2000.

*Robert M. Dyer*, for appellant.
    *Moore, Ingram, Johnson & Steele, Robert D. Ingram, Susan S. Stuart*, for appellee.

---

[11] 25 AmJur2d, Easements & Licenses, § 18.
[12] *Central of Ga. R. Co. v. DEC Assoc.*, 231 Ga. App. 787, 790-791 (1) (b) (501 SE2d 6).