## A02A0076. JACKSON v. NORFOLK SOUTHERN RAILROAD.

(566 SE2d 415)

SMITH, Presiding Judge.

After Norfolk Southern Railroad closed a railroad crossing leading to his house, William Forrest Jackson, Jr. brought suit claiming interference by the railroad with his easement rights. Jackson sought to compel the railroad to replace the crossing it had removed. The case proceeded to trial, and a jury returned a verdict in Jackson's favor. Subsequently, the trial court granted Norfolk Southern's motion for judgment notwithstanding the verdict. In this appeal, Jackson claims that the record contains evidence to support each of the elements required to obtain an easement by prescription. We find otherwise and affirm.

This litigation arose after Norfolk Southern removed an existing crossing over its railroad tracks in an area in front of Jackson's house in Johnson County. As part of a safety program, Norfolk Southern removed this particular crossing in October 1996, mainly because the railroad determined that the crossing was redundant and unnecessary since Jackson had alternative access to his home via another railroad crossing less than 400 feet north of his property. Jackson, who had purchased his property in 1987 from his grandfather's estate, had made uninterrupted use of the long-established railroad crossing from 1987 until October 1996. Although Jackson still could access his property, he was forced to use a dirt road to do so.

Prior to trial, the issue was narrowed to the question of whether Jackson had acquired a prescriptive easement in the place where the railroad crossing once stood. To prevail on his easement claim, Jackson had to prove four elements: (1) that uninterrupted use of the crossing had continued for seven years or more; (2) that the width of the crossing did not exceed twenty feet; (3) that the width did not deviate from the number of feet originally appropriated; and (4) that Jackson kept the crossing open and in repair for seven uninterrupted years. See OCGA §§ 44-9-1; 44-9-54; 44-9-40 (a); *Ga. Pacific Corp. v. Johns,* 204 Ga. App. 594 (420 SE2d 39) (1992). The jury decided that Jackson had prescriptive rights to the crossing.

In entering j.n.o.v. for the railroad, the trial court determined that the record lacked evidence of all the elements required to prove the existence of a prescriptive easement. The trial court found no evidence that the width of the crossing was less than twenty feet during

the seven years immediately before the crossing was removed and no evidence that Jackson had performed any repairs or maintenance of the crossing or had otherwise given notice of his easement claim to Norfolk Southern. This appeal followed.

1. Jackson contends that the trial court erred in granting Norfolk Southern's motion for j.n.o.v. He claims that the record contains evidence from which the jury could find that the easement claimed was 20 feet or less.

A motion for j.n.o.v. should be granted only when, despite being construed most favorably to the party prevailing at trial, the evidence demands a particular verdict. *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998). If the record contains any evidence to support the verdict, then the judgment entered thereon must be affirmed. *Signsation, Inc. v. Harper*, 218 Ga. App. 141, 142-143 (2) (460 SE2d 854) (1995).

Prescriptive rights must be strictly construed, and the party asserting such rights must satisfy each of the established criteria. *Simmons v. Bearden*, 234 Ga. App. 81, 82 (506 SE2d 220) (1998). Here, Jackson failed to establish the requisite width of the crossing during the period that he had purportedly acquired his prescriptive interest. Through the testimony of his relatives, Jackson presented evidence that the crossing may have been less than 20 feet wide at some earlier time. Both Jackson's great-aunt and his father testified that it would have been a "tight squeeze" for two cars to travel simultaneously in opposite directions and that two trucks could not have passed. A forensic surveyor retained on behalf of Jackson relied upon an ancient map of indeterminate origin that had been in the family's possession since 1939. This surveyor calculated the width of the crossing as 16 or 17 feet based on that map.

But all of the evidence pertaining to the width of the railroad crossing during the seven years preceding its removal showed the width to be between twenty-four and twenty-six feet. Even the forensic surveyor retained on behalf of Jackson admitted that when he had measured the asphalt of the crossing that was removed he calculated the width as 25 feet and his survey crew gauged it as 26 feet. According to the professional survey of the crossing after its closure, it measured 26 feet wide. James E. McDonald, the chairman of Norfolk Southern's Grade Crossing Committee, testified that he was certain that this crossing had been 24 feet wide because he remembered driving his rail-modified Chevrolet Suburban over it while evaluating the crossing for removal. McDonald explained that his Suburban had added rail wheels for driving on the tracks and that he needed at least 24 feet of maneuvering space to transfer the vehicle from the roadway onto the rails. By Jackson's own personal estimate, the crossing had been 24 or 25 feet wide. When asked, "[h]ere in court

today, is it still your estimate that the crossing before it was removed, it was 24 to 26 feet?" Jackson responded, "Yes."

Georgia law plainly states that the burden is on the prescriber to show that the width did not exceed the maximum authorized by law. See *Bedingfield v. McCullough*, 106 Ga. App. 759, 760 (128 SE2d 374) (1962). And where the width of a private way exceeds the permitted width, it cannot establish prescriptive rights. *Church v. York*, 212 Ga. 135, 136 (91 SE2d 9) (1956). Having reviewed the record, we find no evidence and Jackson has pointed to none that shows that the actual width of the crossing during the alleged prescriptive period did not exceed 20 feet. Moreover, even if the width of the crossing originally was less than 20 feet, the width appropriated for a prescriptive easement cannot subsequently change. *Johns*, supra at 594. The evidence did not demand a verdict in Jackson's favor, and the trial court properly entered judgment for Norfolk Southern. See *Meeks*, supra.

*Latham Homes Sanitation v. CSX Transp.*, 245 Ga. App. 573 (538 SE2d 107) (2000), relied upon by Jackson, is inapplicable here. There, the railroad held only an easement for its track, id. at 574, in contrast to the fee simple title here. Moreover, the alleged prescriptive easement in *Latham* included a private road extending a substantial distance across several parcels of property and the railroad crossing to a public highway. Id. at 575. The railroad contended that the private road exceeded the permitted width, but showed this only with respect to a single point 29 feet south of the crossing. We noted that "the mere existence of a few wider places will not defeat the right of the users." Id. at 578. In contrast, the evidence here showed that the *entire* alleged prescriptive easement in dispute, the crossing, exceeded the width permitted by law.

2. Jackson contends that the trial court erred in granting Norfolk Southern's motion for j.n.o.v. because the record contains evidence from which the jury could find that Norfolk Southern was given notice of the claimed easement. He claims that "the fact that the railroad admitted to listing this crossing in their records shows that they had notice."

This argument conflates the concepts of knowledge and notice. Certainly, Norfolk Southern knew about the railroad crossing located on its own property. But, no evidence shows that Norfolk Southern had notice of an *adverse* claim of ownership by Jackson. In fact, when Jackson was asked, "[d]id you feel like you were using [the crossing] though, with the permission of the railroad?" Jackson responded, "I'd have to say that I was using it with their permission because they knew I was crossing it to get to my house." But mere use of a roadway is not enough to acquire prescriptive rights. *Trammell v. Whetstone*, 250 Ga. App. 503, 505-506 (1) (552 SE2d 485) (2001). "An owner's acquiescence in the mere use of his road establishes, at most, a revo-

cable license. [Cit.]" *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360, 362 (434 SE2d 477) (1993). Moreover, the record is devoid of any evidence that Jackson did any maintenance or repairs to the crossing during the seven-year prescriptive period. Compare *Trammell*, supra at 506 (1). Because Jackson did not establish all of the elements required for a prescriptive easement, the trial court properly entered judgment in favor of Norfolk Southern. See *Lopez v. Walker*, 250 Ga. App. 706, 708 (1) (551 SE2d 745) (2001).

*Judgment affirmed. Eldridge and Barnes, JJ., concur. Ellington, J., disqualified.*

DECIDED JUNE 10, 2002.

*Jackson & Lewis, Ralph N. Jackson, Lance G. Jones*, for appellant.

*Hall, Bloch, Garland & Meyer, John E. Hall IV, Mark E. Toth*, for appellee.