## 32649. PONDER *v.* WILLIAMS.

DECIDED OCTOBER 14, 1949.

146

A. M. Zellner, Steve Schalasny, for plaintiff.
Williams & Freeman, for defendant.

SUTTON, C. J. ■ The right of a private way over another's land may arise from prescription by 7 year's uninterrupted use through improved lands. Code, § 85-1401. The plaintiff's right to the private way here in question was based on prescription by 7 years uninterrupted use of the same through the im-

proved lands of the defendant, and the proceeding to remove the obstructions was brought under Code § 83-119. In order to sustain such a proceeding it is necessary for the applicant to show that he or his predecessors in title have been in uninterrupted use of the way for 7 years or more, that it does not exceed 15 feet in width, that it is the same number of feet originally appropriated, and that he and his predecessors in title have kept it open and in repair during such period. *Burnum* v. *Thomas*, 71 *Ga. App.* 690, 692 (31 S. E. 2d, 925), and citations.

■ It appears from the evidence identified and sent up by the ordinary in his answer to the certiorari that the defendant, Williams, purchased his tract of land of 485 acres, known as the Byars land, on September 24, 1945, and that he had this land fenced in November, 1945. John Byars, and then his son and daughter, who sold the land to the defendant, had owned it for more than 30 years before it was acquired by the defendant. The plaintiff, L. A. Ponder, bought his land, on September 10, 1946, from Mrs. Vera Lang, who had owned it for more than 30 years. The Lang tract of land adjoins the Byars land on the north and extends to the Towalaga river. The alleged private way leads north over the Byars land by a tenant house, and extends on to the river bottoms on the Lang place. Some of the witnesses testified that they had known this road for more than 20 years and referred to it as a field road or plantation road and said they had traveled it occasionally for a number of years while going hunting and fishing.

The defendant was sworn as a witness by the plaintiff for cross-examination and testified: that he knew the road that leads to the tenant house on the Byars place, and that he had traveled this road to the tenant house when delivering groceries to Ada Low before he bought the Byars place; that the tenant house was about 1/3 of a mile from the public road, and that he had known this little road for about 10 years, and that he had traveled it years ago in going fishing and hunting; that he bought the Byars place in September, 1945, and had it fenced in November of the same year, and that he had a wire gap put on the main road and had a gate put up at the main gap; that he had never seen anyone work this old road; that there were gullies in it, and that nobody had worked the road since he had owned the place.

Mrs. Vera Lang, a witness for the plaintiff, testified: that she knew the road that leads to the bottoms that she once owned, and had known this road for about 20 years; that she used to travel the road when her employees were cutting hay; that she entered through a gap by the tenant house and Mr. Byars had given her permission to use the road; that she used the road to haul hay and for other things; that sometimes she used it when on horseback and sometimes when in a car; that she guessed she traveled the road twice a week in a car, but did not know how often she traveled it, either on horseback or in a car; that Mr. Byars gave her permission to use the road and she first had it worked in 1929 or 1930 and had it worked every year, had it worked whenever it needed it, 3 or 4 times a year, with picks and shovels; that this was necessary in order to haul timber over the road; that she did not know the width of the road; that it was down hill and washed very badly and had to be worked a lot to travel on it; and that there were 2 gaps in the road, one at the main road and another at the corner.

W. M. Smith, a witness for the plaintiff, testified that he had been an employee of the county for 25 years and that he knew John Byars and that he worked the road that leads from the public road by the tenant house on the Byars place at the request of the warden; that he never saw Mrs. Lang while he was working on the road but that he did see Mr. Byars.

Frank S. Peek, a witness for the plaintiff, testified: that he lived on the Byars place from 1935 to 1944; that he rented from Mashburn Byars and lived in the Mashburn Byars house about 1/4 of a mile from the Ada Low tenant house; that he did not travel the road that leads by the tenant house in going to and from his house, but traveled another road; that he had traveled the road that leads by the tenant house in going to the field, and that Mrs. Lang had some timber cut on her land and hauled out and tore up the road "pretty bad"; that he did not recall ever seeing Mrs. Lang travel the road in a car but had seen her travel it on horseback; that Mr. Rogers worked the road once at his request, up to the tenant house where Ada Low lived; and that he had never seen Mrs. Lang's hands working the road and, if they did work it, it must have been before he moved to the Byars place in 1935.

Ada Low, a witness for the plaintiff, testified that she formerly lived in the tenant house on the Byars place and that she had seen Mrs. Lang travel on horseback the road that leads by the tenant house where she lived, but had never seen her travel it in a car, and had never seen Mrs. Lang having the road worked on the Byars place.

The plaintiff testified: that the alleged private way on the Byars land was 12 feet wide and was a third of a mile or 1922 feet in length, and that it extended onto his land which he purchased from Mrs. Vera Lang, on September 10, 1946, and that he had known the road for 25 years and knew that it had been open and used for 10 years; that he never knew this road that leads across the Byars place to be impassable and he used it in 1946 and 1947 and about 3 times in 1948, until the defendant obstructed it with a locked gate and wire fence in August, 1948, and that he cannot get to his bottoms with a vehicle of any kind; and that he worked the road in the fall of 1946 and 1947 on his land.

B. M. (Mashburn) Byars, a witness for the defendant testified: that he and his sister inherited the Byars place from their father, John Byars, and sold it to the defendant Williams in 1945; that he knows where the little road in question is located; that they moved to the Byars place in 1909 and left there in 1941; that the road is on the Byars land from the public road to the tenant house where Ada Low lived; that he farmed the Lang place for about 15 years and used this road to get the stuff off of that place and this was while he lived on the Byars place, and that he never saw Mrs. Lang or any of her hands or employees work the road on the Byars place, but she may have worked it on her place; that he had the road worked regularly from the public road to the tenant house on the Byars place; that Mrs. Lang moved to her place in 1930 and she would go as far as the tenant house in her car and then get out and walk; that his father told her she could use that road, and while his father was living no matter who lived there they had permission from him to use that road; that the road he used to get to Mrs. Lang's bottoms was an extension of the road that went by the tenant house and there was no other road to get there; that his father once changed the road about 10 or 15 feet, and that he

(witness) opened up the road in 1918, and that he never saw Mrs. Lang or her hands having any work done on the road.

Other witnesses testified that they had known the old plantation road in question for many years and had traveled it some in going fishing and hunting; and some of them testified that they had permission from Mr. Byars to use the road. Fremont Williams testified that he worked the road at one time at Mrs. Lang's request, that she requested him to scrape her part of the road, but that he scraped it all, both on the Lang place and on the Byars place.

The plaintiff in error contends that he and his predecessor in title, Mrs. Lang, acquired a prescriptive right or title to the road in question by reason of their use of and repairs made thereon by them for a period of more than 7 years. On the other hand, the defendant in error contends that Mrs. Lang's use of this road was by permission of the owners of the Byars land, and never ripened into a prescriptive title. It was said in *Kirkland* v. *Pitman*, 122 *Ga.* 256, 259 (50 S. E. 117): "Possession must be adverse in order to form the basis for prescription. A notable exception exists, however, in the case of private ways. The use may originate in permission, and yet may ripen by prescription"; and in *First Christian Church* v. *Realty Investment Co.*, 180 *Ga.* 35 (178 S. E. 303), it was said: "When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber"; and in the body of the opinion (p. 39) it was said: "The essence of the right claimed by the plaintiff to the use of the driveway is prescription; and it is fundamental that prescription is to be strictly construed, and that the prescriber must give some notice, actual or constructive, to him against whom he intends to prescribe"; and in *Collier* v. *Farr*, 81 *Ga.* 753 (7 S. E. 860), it was said: "In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair. Keeping it open and working it would be the best evidence of his intention to appropriate it for a road, and would put the owner upon notice that he did intend to appropriate it."

While it is true that the road in question had been in existence

for much longer than 7 years and had been used for many years by people while going hunting and fishing and by others in going to and from the tenant house on the Byars place, still the evidence of Mrs. Lang shows that she got permission from the owner of the Byars land to use the road on the Byars place and the evidence does not necessarily show that possession in this respect, as a licensee, was changed to that of a prescriber by her use of the road or any repairs she may have made thereon. If the use and repairs made on this road by Mrs. Lang were by permission of the owner of the Byars land, as was her first right to use it, then in such circumstances she did not acquire a prescriptive right or title to the road in question; and as the right of the plaintiff in this respect depended on the right of his predecessor in title, neither would he have such prescriptive right to this road as to entitle him to prevail in this case.

■ Under the facts of this case and the law applicable thereto, we are of the opinion that the judgment of the ordinary refusing the application of the plaintiff to remove the obstructions from the private way was authorized; and that the judge of the superior court did not err in overruling the certiorari in this case.

*Judgment affirmed. Felton and Worrill, JJ., concur.*