A93A1049. JACKSON et al. v. STONE et al.
(436 SE2d 673)

SMITH, Judge.

Harold and Betty Stone, Weldon Cantrell, and G. C. and Irene Lunsford sought a declaration of their rights regarding a road running across their property they claimed was a private drive, which adjacent property owners had been using to provide access to their own land. After a bench trial, the trial court entered judgment declaring that

the road was not and had never been a public road, and that the defendants, Paul Jackson, Floyd Jackson, and W. C. Crider, had not acquired an easement by prescription across the plaintiff's property. The Jacksons and Crider appeal.

The evidence established that an old road, running from Old Cool Springs/Holly Creek Road (the "paved road") in Murray County, had existed for some time. By 1978, it had become substantially impassable, and appellee Lunsford built a new road onto his property from the paved road that did not follow the old roadbed. The trial court found as fact that in 1989 appellants bought at an estate auction a tract of land in Murray County intended for development adjacent to appellees' property. Although other access to the property existed across the mountain, they considered the road in issue, running from the paved road across the land of appellees, to provide the most convenient access to portions of their property. Appellees Stone and Cantrell erected a gate across the road when the Stones were building their house. In the process of developing their property, appellants needed to send trucks and equipment up to their property, and they took down the gate and scraped the road with a grader, prompting this litigation.

1. Appellants contend the trial court erred in concluding that the southern portion of the road in issue was not a public road. They argue that the road was dedicated to public use and accepted by the county, and that consequently, their rights were materially affected by Lunsford's reappropriation of the road to private purposes within the meaning of OCGA § 44-5-230.

A dedication to public use is not complete until both the intention of the owner to dedicate and the acceptance on the part of the public is shown. *Healey v. City of Atlanta*, 125 Ga. 736, 737 (54 SE 749) (1906). Intention to dedicate need not be shown by express declaration to that effect, but may be inferred from the owner's acquiescence in the use of his property by the public, provided the use clearly indicates the public's acceptance of the dedication. Id. at 737-738. Whether a dedication or acceptance has taken place is a question for the trier of fact. *Penick v. County of Morgan*, 131 Ga. 385, 390-391 (2) (62 SE 300) (1908).

In support of their contention that Lunsford dedicated the road to public use, appellants point to testimony that the road was a mail route and that the county had graded the road several times, and had provided gravel as well. However, in support of appellees' claim that the road was private, Lunsford testified he had never deeded it or dedicated it to public use, and had never intended that it be public. Contrary to appellants' argument, we do not find Lunsford's testimony in this regard to be contradictory. In the past, he had been asked by others for easements to use the road, which he specifically

granted in some cases, and specifically refused in others, retaining control over who used the road. He had granted an easement, for instance, to the Stones and Cantrell. He testified that when he built the road, he acquired some used tile from the county, which he incorporated into the road, and several times the county graded and graveled it. However, the road was built at his own expense; he hired a bulldozer and operator to build it.

Everett Jones, who had lived in Murray County all his life and was a former county road superintendent, testified that until recently, it had been the policy of the county to deliver gravel to and grade private drives and roads upon request, when trucks were in the area working; that such assistance was not an indication of the county's acceptance of a road's dedication to the public; and that to his knowledge the county had never claimed this road in issue as a public road. Appellant Jackson testified that he was aware when he bought the property at the auction that the county was not keeping up or maintaining the road, and that it was not a county road.

Given this evidence, we find appellants showed neither the intent to dedicate the road to the public nor its acceptance by the county. We therefore agree with and affirm the trial court's conclusion that the southern portion of the Lunsford drive was not a public road.

2. Appellants also contend that because their predecessors in title and others used the road to reach their property for as long as anyone could remember, they acquired a right of private way by prescription over the northern portion of the road. See OCGA § 44-9-1. They argue that the trial court erred by concluding that appellees had not violated OCGA § 44-9-54, which provides that "[w]henever a private way has been in constant and uninterrupted use for seven or more years and no legal steps have been taken to abolish it, it shall not be lawful for anyone to interfere with that private way."

It is apparent from the evidence that many people, including appellants' predecessors in title, used a road running from the paved road, to gain access to their property. However, the evidence conflicts as to the relationship borne by the new road, built by Lunsford and modified by the Stones and Cantrell, to the old road. There is evidence to support the trial court's finding that the location of the Lunsford road appellants wish to use is not identical to that of the old roadway used by their predecessors in title. It is clear, for instance, that Lunsford built his road on the other side of an old rock wall from the location of the old road. Further, when Stone and Cantrell built a new concrete bridge over the creek at their own expense to replace a wooden bridge that had washed out, they moved it from the site of the old bridge. We therefore agree with the trial court that appellants have not shown "uninterrupted use of a permanent way . . . for seven years" as required by OCGA § 44-9-54. Instead, the

route of travel between the property now owned by appellants and the public road "has been over different paths at various times for less than the required time."

Moreover, even assuming the existing road is identical to the old road, use of the road by appellants' predecessors in title over a period of years with the acquiescence of appellees and their predecessors in title is insufficient to establish a prescriptive right to a private way. Georgia law requires that one seeking to establish a prescriptive right to a private easement over the land of another must show that the road has been kept open and in repair during the prescriptive period. The purpose of requiring a showing of repairs is to give notice to the landowner that the prescriber's use is adverse, rather than permissive. *Chota, Inc. v. Woodley*, 251 Ga. 678, 679-680 (309 SE2d 132) (1983). The evidence was uncontroverted that neither appellants nor their predecessors in title contributed to the building of the road or its repair and maintenance. Indeed, when appellants did perform work on the road by grading it and removing the gate, those actions prompted this litigation. The evidence showed that use of the road was permissive in nature.

The trial court did not err in concluding that appellants had not acquired a prescriptive easement over the southern portion of the road.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 17, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993.

*Mitchell, Coppedge, Wester, Bisson & Miller, Terry L. Miller,* for appellants.
*Little & Adams, Robert B. Adams,* for appellees.