S93A0923. EILEEN B. WHITE & ASSOCIATES, INC. et al. v. GUNNELLS et al.

(434 SE2d 477)

CARLEY, Justice.

The instant action concerns an asphalt road on property which belongs to appellant-plaintiffs. Although this road had been established, maintained and kept open entirely by appellants, appellee-defendants had also been using it for more than seven years as an alternate means of access to and egress from their adjoining property. Appellants were on notice that appellees were also using the road, but express permission for such use had never been sought or given. When appellants brought suit, seeking to enjoin appellees' continued use of the road, appellees counterclaimed, alleging a prescriptive easement and seeking to enjoin appellants from interfering with their continued use of the road. After a bench trial, the trial court held that appellees did have a prescriptive easement and appellants were enjoined from interfering with appellees' continued use of the road. Appellants appeal from that order of the trial court and enumerate the general grounds.

> To sustain a suit to enjoin the obstruction of an alleged private way, "the right to which is based upon prescription by seven years user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed [20] feet in width, and that it is the same [20] feet originally appropriated, but that he has kept it open and in repair during such period." [Cits.] "If the prescriber fails to show any of these elements necessary to establish prescriptive title, he cannot recover." [Cit.]

*Rothberg v. Peachtree Investments,* 220 Ga. 776, 778 (1) (142 SE2d 264) (1965).

In the instant case, appellees failed to allege and show that they, rather than appellants, had kept the road open and in repair during a seven-year period.

> The expression "keeping in repair" originated in an age when private ways were unpaved and of necessity had to be repaired in order that the use thereof might be continued. "Keeping in repair" was then the equivalent of action and affirmative notice of an intention to prescribe, even where the use originated in consent.

*First Christian Church v. Realty Investment Co.,* 180 Ga. 35, 43 (178 SE 303) (1935) (On Motion For Rehearing). Nevertheless, "[t]he re-

pair-notice requirement appears consistently in [this court's] cases involving prescriptive acquisition of private roads. [Cits.]" *Chota, Inc. v. Woodley*, 251 Ga. 678, 680 (309 SE2d 132) (1983). There may be a limited exception to the requirement that repairs be alleged and shown.

> The requirement as to repair does not mean . . . that it is incumbent upon the prescriber to make repairs where none is needed. The requirement is limited to the making of such repairs as become necessary in order to make such way usable.

*Hardin v. Snow*, 201 Ga. 58 (2) (38 SE2d 836) (1946). However, the continuing viability of *Hardin* as authority for an exception to the repair-notice requirement has been questioned. See Pindar, Ga. Real Estate Law, § 8-11, fn. 7 (3d ed.).

> In any event, *Hardin v. Snow*, [supra,] held no more than that repair is not required where none is needed, and [appellees in the instant case make] no contention here that no repairs were needed on the road in question. *Hardin v. Snow* is therefore at least inapplicable here.

*Chota, Inc. v. Woodley*, supra at 680.

Moreover, even assuming that appellees were not otherwise required to allege and show either that they had repaired the road or that no repairs were necessary, they nevertheless were required to allege and show that they had otherwise given appellants notice of their adverse claim to the road.

> Without deciding whether allegations of repairs are essential where none were needed [cit.], we adhere to the settled doctrine that prescription requires notice to the opposite party of the adverse claim. . . . "The essence of the right claimed by [appellees] to the use of the [road] is prescription; and it is fundamental that prescription is to be strictly construed, and that the prescriber must give some notice, actual or constructive, to him against whom he intends to prescribe. The gist of the requirement as to repairs is not so much the repairs as the *notice* which is given by the repairs." [Cit.] . . . "[U]se alone is insufficient to acquire prescriptive title [pursuant to OCGA § 44-9-1]." [Cit.]

(Emphasis in original.) *Rothberg v. Peachtree Investments*, supra at 780-781 (2).

In the instant case, all that appellees showed was that they had

used the road without express permission and that appellants were aware of that use.

> The [evidence] showing [appellees'] use of the [road] as the only notice given to [appellants] . . . fail[s] utterly to [prove that appellants were] apprized of [appellees'] adverse claim. In such circumstances, the trial [court] . . . err[ed] in sustaining [appellees' claim].

*Rothberg v. Peachtree Investments*, supra at 781.

> Of course [appellants] had knowledge of *use*. [They] acquiesced in that use by [appellees] as . . . *licensee[s]*, but the right which [appellees seek] under [OCGA § 44-9-1], if obtained, is a *prescriptive* right by use, and, . . . the decisions of this court are that under [OCGA § 44-9-1] the notice required is notice of the assertion of an adverse use, under claim of right, as distinguished from a mere permissive use.

(Emphasis in original.) *First Christian Church v. Realty Investment Co.*, supra at 43 (On Motion For Rehearing).

There are cases which suggest that an owner's acquiescence in the mere use of a road on his property for seven years, without notice of *adverse* use in the form of making repairs or otherwise, will authorize the grant of a prescriptive easement to the user. See *Rizer v. Harris*, 182 Ga. App. 31, 33-34 (354 SE2d 660) (1987); *Fine v. Strauss*, 86 Ga. App. 354, 355 (2) (71 SE2d 580) (1952). However, those cases are inconsistent with long-standing authority to the contrary and are hereby overruled. "Use alone is insufficient to acquire prescriptive title [under OCGA § 44-9-1]." *Cox v. Zucker*, 214 Ga. 44, 52 (4) (102 SE2d 580) (1958). An owner's acquiescence in the mere use of his road establishes, at most, a revocable license. See *Fluker v. Ga. R. &c. Co.*, 81 Ga. 461, 464 (2) (8 SE 529) (1889). To establish a prescriptive easement over the private property of another pursuant to OCGA § 44-9-1, it is necessary to show that the owner was given notice that the user intended

> "to appropriate it [as his own]." [Cit.] Notice is particularly requisite when the use originates under a license. . . . "Where an open and visible use originated in a license . . . and subsequently becomes adverse, knowledge that the use is under a claim of right, and not under the license . . ., must be brought home to the owner of the servient estate, either expressly or impliedly; for, under such circumstances, he is not chargeable with notice." [Cit.]

*First Christian Church v. Realty Investment Co.*, supra at 39-40.
*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993.

*Lynwood D. Jordan, Jr.*, for appellants.
*Banks, Stubbs & Iverson, J. Richard Neville*, for appellees.