A96A0428. WEAVER v. HENRY et al.
(473 SE2d 495)

</div>

RUFFIN, Judge.

William Henry owns property bounded on one side by property owned by six defendants in this case (collectively "Jonas") and on the other side by property owned by Linda Weaver. There are only two roads accessing Henry's property; one traverses the Jonas' property ("Jonas road") and the other traverses Weaver's property ("Weaver road"). Henry and his predecessors in title have exclusively used the Jonas road to gain access to his property. When Jonas erected a gate across the Jonas road and prohibited Henry from using the road, Henry sued for injunctive relief. Realizing Henry's only alternative was to use the Weaver road, Weaver intervened, alleging that Henry had no right to use the Weaver road. The matter was tried before a jury, and at the close of Henry's evidence, the court directed a verdict for Jonas, thereby allowing Jonas to keep Henry from using the Jonas road. The court then dismissed the jury and, after hearing further evidence, ruled that Henry had an easement over the Weaver road. Weaver appealed, and for reasons which follow, we affirm in part and reverse in part.

The record shows that Henry acquired his property in 1987 under the will of his mother, Nora Henry. In the spring of 1990, Jonas erected a gate across the Jonas road. Peggy Jonas notified Henry that she was installing the gate to eliminate unauthorized travelers. Jonas stated in a letter to Henry that "[k]eys will be given to you for use by your immediate family." Problems arose shortly thereafter when Jonas prohibited Henry from performing maintenance on the road. In a letter dated November 2, 1992, Jonas informed Henry that he was permitted to use the road for agricultural purposes only and that he had no authority to make repairs. On

January 2, 1993, Jonas informed Henry that they were revoking his right to use the road because he used it for unauthorized purposes.

Henry, who is 68 years old, testified that he has been familiar with the Jonas road his entire life and that, until Jonas erected the gate, nobody controlled who traveled it. He further testified that the condition and size of the Weaver road does not permit him to drive his farm equipment along that road. Another witness, Lillian Patterson, testified that she lived on the Jonas road from the time she was born in 1915 until she moved away in 1970. Patterson stated that in the early years, people traveled freely along the road, hauling items in their wagons. She further testified that during the time she lived on the road, nobody controlled who traveled it and it was never blocked.

1. We note initially that although this case primarily involves the issue of whether Henry has acquired a right of way over his neighbors' land, the Supreme Court has held that jurisdiction of such cases lies in this Court. See *Stutts v. Moore*, 218 Ga. App. 624, 625 (1) (463 SE2d 30) (1995). "It appears this case is properly characterized as a petition for removal of an obstruction of a private way, since it essentially began as such in the . . . superior court." Id.

2. With regard to the merits, Weaver asserts that the trial court erred in granting Jonas a directed verdict. Although Weaver points to several facts as support for her assertion, she does not state the theory under which she contends Henry is entitled to use the Jonas road. However, from the facts presented we assume that Weaver contends Henry had a prescriptive easement over the road.

"A directed verdict is authorized when there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." (Citations and punctuation omitted.) *Bruno v. Evans*, 200 Ga. App. 437, 439 (3) (408 SE2d 458) (1991). If the plaintiff is opposing the motion, the evidence must be construed in his favor. Id. The directed verdict should be granted if the " 'plaintiff simply fails to prove his case.' [Cit.]" Id. In this case, a directed verdict was proper because Henry did not prove he had a prescriptive easement.

"To sustain a suit to enjoin the obstruction of an alleged private way, the right to which is based upon prescription by seven years user, [sic] it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed 20 feet in width, and that it is the same 20 feet originally appropriated, but that he has kept it open and in repair during such period. If the prescriber fails to show any of these elements necessary to establish prescriptive title, he cannot recover." (Citations and punctuation omitted.) *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360 (434 SE2d 477) (1993). The purpose of the repair require-

ment is to put the owner on notice that the use is adverse. Id. at 361. Mere knowledge by the owner and his or her acquiescence in the use is insufficient to establish prescription. Id. at 362.

There was no evidence in this case that Henry or his predecessors maintained the road for the required period of time. To the contrary, when Henry attempted to perform maintenance on the road, Jonas informed him that such work was prohibited. Because Henry failed to present any evidence concerning a necessary element of a prescriptive easement over the Jonas road, the trial court did not err in directing a verdict for Jonas. See id.; *Bruno*, supra.

3. Weaver asserts the trial court erred in ruling that Henry was entitled to use the Weaver road. It is not disputed that Henry's predecessor in title, Nora Henry, possessed an easement along the Weaver road. Nora Henry obtained the easement, along with the Henry property, under the will of W. T. Terry. W. T. Terry owned both the Henry and Weaver parcels, and disposed of them under his will. Terry's will provided that Nora Henry could use the Weaver road "as long as she owns the [Henry] property, but the right will be denied if she disposes of said property."

Nora Henry devised the property to William Henry, which he acquired by executor's deed in 1987. At that time, there was a large pile of dirt on the Weaver road at the property line blocking access to Weaver's property. According to Henry's son, the dirt pile had been there since approximately 1978 or 1979. When he acquired the property, Henry erected a blockade across the road where the dirt pile was located to keep out trespassers: he "ran some big dozer blades into the pile of dirt[,] . . . strung a big piece of barbed wire over that[,]" and put up "no trespassing" signs.

(a) Weaver contends that the trial court erred in ruling that Nora Henry's devise of the property to William Henry did not terminate the easement according to the terms of W. T. Terry's will. We agree.

"In the construction of instruments creating easements, the court must ascertain and give effect to the intention of the parties. [Cits.]" *Kiser v. Warner Robins Air Park Estates*, 237 Ga. 385, 386 (1) (228 SE2d 795) (1976). If the instrument limits the duration of the easement, the court should likewise give effect to the intention of the parties in construing the limitation. See id.; see also Pindar, Ga. Real Estate Law and Procedure, § 8-28 (4th ed. 1993). Here, the intent of the grantor, W. T. Terry, is clear. Nora Henry could use the Weaver Road only until such time as she disposed of the property. There was simply no provision for perpetuating the easement beyond Nora Henry's ownership of the dominant estate. Accordingly, the trial court erred in holding that Henry possessed a right of way along the Weaver road under Terry's will.

(b) Moreover, the record shows that Henry abandoned any rights

he may have possessed to use the Weaver road. Where an easement of way has been acquired by grant, it may be extinguished by evidence of nonuse, coupled with clear, unequivocal, and decisive evidence of the intent to abandon the easement. See *Hardigree v. Hardigree*, 244 Ga. 830 (2) (262 SE2d 127) (1979). The evidence in this case met such standard. Not only did Henry never use the Weaver road, but his actions in erecting the barricade made clear that he did not intend to use the road. See *Stewart County v. Holloway*, 69 Ga. App. 344, 349 (25 SE2d 315) (1943) (dismantling bridge showed easement was abandoned).

4. In light of our decision that the trial court erred by recognizing a right of way over Weaver's property, it is unnecessary to address her remaining enumeration of error concerning the trial court's dismissal of the jury.

5. Finally, we note that although this decision apparently leaves Henry without access to his property, such landlocked owners are not without remedy. See Pindar, supra at § 8-20. Although Henry referred to such ways of necessity in his brief, the issue was not properly before this Court.

*Judgment affirmed in part and reversed in part. McMurray, P. J., concurs. Johnson, J., concurs in the judgment only.*

DECIDED JUNE 3, 1996 —
RECONSIDERATION DENIED JULY 8, 1996.

*Joseph E. Willard, Jr.*, for appellant.
*McCamy, Phillips, Tuggle & Fordham, James H. Phillips, Little & Adams, Robert B. Adams*, for appellees.