## S96A1405. KENG et al. v. FRANKLIN.
### (480 SE2d 25)

HINES, Justice.

Keng and Lau filed a complaint in ejectment to prohibit Franklin and his invitees from using a mutual driveway lying over and along the boundary between their adjoining properties. The trial court ruled that Franklin had acquired by prescription a private way over the driveway. Keng and Lau appeal from the order, and we affirm the trial court.

In 1946, the parties' predecessors in title recorded an easement providing for a mutual 12-foot-wide driveway that would burden the adjoining properties equally. However, the driveway was not constructed in accordance with the easement and only a small portion of the driveway burdens Franklin's property, which he purchased in 1984. The adjoining landowner sought to remove the driveway in 1985, but Franklin refused to allow it, and, that same year, he repaved a substantial portion of the driveway at his own expense. Keng and Lau purchased the property adjoining Franklin's in 1988, and initiated the instant action in 1993, seeking to abolish the driveway because it failed to comply with the recorded easement.

Prescriptive rights are to be strictly construed, and the prescriber must give some notice, actual or constructive, to the landowner he or she intends to prescribe against. *First Christian Church v. Realty Investment Co.,* 180 Ga. 35, 39 (178 SE 303) (1934). The use and enjoyment which will establish by prescription a private way, i.e., a right of ingress and egress over the land of another, is set forth in OCGA § 44-9-54, as follows: "Whenever a private way has been in constant and uninterrupted use for seven or more years and no legal steps have been taken to abolish it, it shall not be lawful for anyone to interfere with that private way." Additionally, a successful prescriber must show that the private way did not exceed 20 feet in width, the use continued along the same route without shifting from one path to another, and that the prescriber kept the way open and in repair during the period of prescription. *Eileen B. White & Assoc. v. Gunnells,* 263 Ga. 360 (434 SE2d 477) (1993). "When the use of a pri-

vate way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber." *First Christian Church v. Realty Investment Co.,* supra at 35.

Keng and Lau assert that the trial court erred in concluding that prescription began to run against them in 1985, because Franklin's use was permissive and he never provided them with notice of his intent to change his position to that of a prescriber. They contend that Franklin lacked the necessary intent to hold the driveway adversely because he was operating under the mistaken impression that the easement gave him a right to possess and use the driveway in its present location. The argument fails.

Under the facts of this case, Franklin's belief that he had a right to use the driveway in its present location is immaterial. See *Shiels v. Roberts,* 64 Ga. 370 (1878), and 3 AmJur2d 145, Adverse Possession, § 51. The dispositive issue is whether or not Franklin's actions provided Keng and Lau and their predecessor in title with notice of his intention to possess the driveway. The evidence showed that Franklin used the driveway continuously, refused to allow its removal, and repaired a considerable portion in 1985. We hold that Franklin's actions were sufficient to place Keng and Lau and their predecessor in title on notice of his adverse claim to the driveway and initiate the running of the prescriptive period. See *Eileen B. White & Assoc. v. Gunnells,* supra, and *First Christian Church v. Realty Investment Co.,* supra at 39. If the driveway did not follow the easement, as claimed, it was incumbent upon Keng and Lau or their predecessor in title to correct the situation. Because they failed to do so and Franklin adversely used the driveway for more than seven years, the trial court did not err in ruling that Franklin had acquired by prescription a private way over the driveway.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1997.

*Michael S. Rosenthal,* for appellants.
*Frederick G. Boynton,* for appellee.