### A98A0548. DOUGLAS v. KNOX et al.
(502 SE2d 490)

JOHNSON, Judge.

In this appeal we decide whether the trial court erred in denying a petition to remove an obstruction from a private way when use of the private way was initially permissive, and the petitioner has not shown the existence of an adverse claim for seven or more years. We find no error.

In 1983, Sam Douglas bought real property located next to a private hunting club. A narrow horse trail ran across hunt club property and ended at Douglas' property. Hunt club members used the trail twice a week when hunting.

The hunt club owners allowed adjoining property owners, including Douglas and his predecessor-in-title, Jack Rickles, to use the trail. Rickles' family used the trail as a shortcut to a store and a school bus stop in the early 1960s. Rickles' wife was employed by the hunt club and used the trail for about five years in the 1970s to get to and from work. Douglas used the trail between 1983 and 1994 as a "good secondary way" to leave his property. It is undisputed that there were other means of ingress and egress to Douglas' property.

In 1991, the hunt club sold the property to the Knox family, who began using the property as a recreation area and camp for children. In 1994, the Knoxes placed a chain across the trail near Douglas' property, blocking his access to the trail. When Douglas confronted the Knoxes, he was told he would no longer be allowed to enter the property without permission. Thereafter, Douglas used the trail only two more times, once with the Knoxes' permission and once without.

In 1995, Douglas filed a petition in probate court to remove the obstruction, claiming he had acquired a prescriptive right to use the trail. See OCGA §§ 44-9-1; 44-9-54; 44-9-59 (a). After a trial, the probate court ordered the Knoxes to remove the obstruction. The Knoxes appealed the judgment to superior court where, after a de novo hear-

ing, the court denied Douglas' petition. The trial court found that Douglas failed to show, among other things, that he and his predecessor made adverse use of the trail prior to 1994. Douglas appeals.

1. We note at the outset that subject-matter jurisdiction of this case lies in this Court. See *Stutts v. Moore*, 218 Ga. App. 624, 625 (1) (463 SE2d 30) (1995).

2. In nine enumerations of error, Douglas contends the superior court erred in finding that he failed to satisfy the elements necessary to sustain his petition to remove an obstruction from a private way. We disagree.

The right of private way over another's improved land may arise from prescription by seven years' uninterrupted use. OCGA § 44-9-1. Where an owner of land over which a private way passes obstructs the private way, the injured party may petition the probate court to remove the obstruction. OCGA § 44-9-59 (a). Successive users may tack prescriptive title. OCGA § 44-5-172.

"[A] private way may not be acquired by prescription where use of the private way is with the owner's permission until an adverse claim is made and actual notice is given to the owner or party in possession." (Citations and punctuation omitted.) *Trednick v. Kramer*, 190 Ga. App. 684, 685 (379 SE2d 633) (1989). Prescriptive rights are to be strictly construed. Id.

We agree with the trial court that the use of the trail was permissive rather than adverse until 1994. Several hunt club members and employees testified that they allowed the adjoining landowners to use the trail and never told anyone they could not do so. One club member testified that it was important for the hunt club to maintain a good relationship with the neighbors because club members often rode their horses upon neighboring property while hunting. Douglas admitted that he and Rickles used the trail with permission until 1994, one year before he filed the petition. Because the evidence showed that continued use of the trail was by permission and did not show any adverse use by Douglas or Rickles prior to 1994, a private way by prescription was not established. See *Nelson v. Girard*, 215 Ga. 518, 520 (2) (111 SE2d 60) (1959); *Jackson v. Stone*, 210 Ga. App. 465, 468 (2) (436 SE2d 673) (1993).

We disagree with Douglas' contention that the owners were put on notice of an adverse claim in 1968 when Rickles complained to hunt club owners about their placement of a gate which blocked his access to the trail; the gate was purportedly erected to keep hunt club horses on club property. If Rickles' complaint amounted to notice of an adverse claim, the adversity was very short-lived. As soon as Rickles complained, hunt club owners cut an opening in the gate so he and the other neighbors could walk through without having to open the gate. The fact that the hunt club owners modified and even-

tually removed the gate so that Rickles could easily use the trail is evidence that the owners permitted rather than forbade continued use of the trail. In fact, Douglas admitted at trial that he and Rickles used the trail with permission until 1994.

That a property owner knows of and acquiesces in the use of his private way is insufficient to establish prescription. See *Weaver v. Henry*, 222 Ga. App. 103, 105 (2) (473 SE2d 495) (1996) (physical precedent only). "An owner's acquiescence in the mere use of his road establishes, at most, a revocable license. To establish a prescriptive easement over the private property of another pursuant to OCGA § 44-9-1, it is necessary to show that the owner was given notice that the user intended to appropriate it as his own." (Citations and punctuation omitted.) *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360, 362 (434 SE2d 477) (1993). Under OCGA § 44-9-1, the notice required is notice of the assertion of an *adverse* use, under claim of right, as distinguished from a mere permissive use. Id. In this case, the prescriptive period began running in 1994 when Douglas was told he could no longer use the trail without the owners' permission, protested and, despite the prohibition, used the trail anyway. See generally *Keng v. Franklin*, 267 Ga. 472, 473 (480 SE2d 25) (1997).

If there is any evidence to support the trial court's verdict, it will not be disturbed by this Court on appeal. See *Nebb v. Butler*, 257 Ga. 145 (357 SE2d 257) (1987). There being evidence to support the trial court's finding that Douglas failed to prove that he and his predecessors made adverse use of the trail for seven or more years, the judgment is affirmed. See *Ponder v. Williams*, 80 Ga. App. 145, 151 (2) (55 SE2d 668) (1949).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 14, 1998 — ▮▮▮▮▮▮▮▮

*Banks, Stubbs & Neville, Robert S. Stubbs III*, for appellant.
*Slutzky, Wolfe & Bailey, Ray S. Smith III*, for appellees.