### A01A0587. LOPEZ v. WALKER.
(551 SE2d 745)

SMITH, Presiding Judge.

Gwen Lopez appeals from the grant of a directed verdict to Lance Walker in Lopez's action under OCGA § 44-9-59 to remove an obstruction placed by Walker on a private way traversing his property. She contends that a directed verdict was improper because material issues of fact existed and that the trial court erred in excluding evidence showing a dedicated road easement over Walker's property. Although conflicts existed in the evidence, we find that none was material and that the evidence in question was properly excluded. We therefore affirm the judgment below.

The record shows that Walker, a Fulton County resident, and Lopez, a resident of Bartow County, both owned property in the same undeveloped subdivision in rural Gilmer County. Lopez bought her property in July 1989. The property was used only several weekends a month for camping, and it was accessed by the dirt road in issue. Few people resided in the subdivision, but one who did was Lloyd Gaddis, who also maintained the dirt road. Lopez and her father testified that until 1993, they assisted Gaddis in maintaining the road, scraping and graveling it. In 1993, Gaddis informed them he was not going to maintain the road any more.

In September 1996, her father hauled a camper to the property, installed a septic tank, and began living there. Shortly thereafter, Walker started putting cables and heavy telephone pole logs across the road. He eventually chopped down trees and placed them across the road to obstruct it.

Walker testified he was never aware that Lopez and her family were using the road. He gave Gaddis permission to use the road but withdrew that permission in 1990 or 1991. Walker claimed he closed the road in 1991, dropping a tree across it "[b]ecause of poachers, four-wheelers" coming on the road and that it has been closed "uninterruptedly since that time." According to Walker, after that Gaddis did not maintain the road. He later strung the cables across the road to discourage strangers coming through to pan for gold, and later, in

1994, he dropped more trees across the road after a dispute with some other neighbors during hunting season. Lopez's father, Howard Dodson, testified that he worked on maintaining the road with Gaddis until 1993.

Lopez claimed she had acquired an easement in the road by prescription under OCGA § 44-9-54. She brought a petition in the Probate Court of Gilmer County under OCGA § 44-9-59 (a) to remove the obstructions from the road. The probate court directed that the obstructions be removed, and Walker appealed as a matter of right to the superior court, as provided in OCGA § 44-9-59 (b). At a de novo trial, the court granted a directed verdict in favor of Walker.

1. Lopez contends the trial court erred in directing a verdict in favor of Walker. We do not agree. OCGA § 44-9-54 provides: "Whenever a private way has been in constant and uninterrupted use for seven or more years and no legal steps have been taken to abolish it, it shall not be lawful for anyone to interfere with that private way." Prescriptive rights, however, must be strictly construed, and the prescriber must give notice, either actual or constructive, to the landowner. *Keng v. Franklin*, 267 Ga. 472 (480 SE2d 25) (1997).

> To sustain a suit to enjoin the obstruction of an alleged private way, the right to which is based upon prescription by seven years user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed 20 feet in width, and that it is the same 20 feet originally appropriated, but that he has kept it open and in repair during such period. If the prescriber fails to show any of these elements necessary to establish prescriptive title, he cannot recover.

(Citations and punctuation omitted.) *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360 (434 SE2d 477) (1993). The purpose of showing repairs is actually to show "notice to the landowner that the prescriber's use is adverse, rather than permissive. [Cit.]" *Jackson v. Stone*, 210 Ga. App. 465, 468 (436 SE2d 673) (1993).

Here, the evidence presented at trial showed that Lopez failed to demonstrate either that she and her family kept the private way open and in repair for at least seven years or that she gave notice to Walker of her prescriptive use. Even taking the testimony of Lopez and her father to be true regarding the length of time the road was open and they assisted in keeping it in repair, no evidence exists of prescriptive use for the required seven years. Since it is uncontroverted that Gaddis had permission from Walker to maintain the road and that Lopez's husband and her father merely assisted Gaddis, their use was permissive as well, rather than adverse. "A private way

may not be acquired by prescription where use of the private way is with the owner's permission until an adverse claim is made and actual notice is given to the owner or party in possession." (Citations and punctuation omitted.) *Douglas v. Knox*, 232 Ga. App. 551, 552 (2) (502 SE2d 490) (1998). "[T]he notice required is notice of the assertion of an *adverse* use, under claim of right, as distinguished from a mere permissive use." (Citation omitted; emphasis in original.) Id. at 553. Moreover, actual notice is required, and even taking as true Lopez's father's testimony that he was using the road as late as 1996, notwithstanding Walker's testimony that he had obstructed it, Walker testified that he did not know of this use. Because the evidence showed that Lopez could not establish several of the necessary elements for a prescriptive easement, the trial court did not err in granting a directed verdict in favor of Walker.

2. Lopez also contends the trial court erred in excluding from evidence certain deeds and plats showing the subdivision lots the road traversed.[1] These deeds showed a dedicated easement. Actually, however, the survey plat, with certain redactions, was admitted into evidence for limited purposes. Lopez argues that the deeds should have been admitted notwithstanding that they showed a dedicated easement, because she intended to use them only to show that Walker believed that the road was not subject to the claims of others, an issue separate and distinct from that of whether a dedicated easement existed. We find this to be a distinction without a difference. Revealing documents to the jury that included express easements would certainly have confused the issue before them: whether Lopez had acquired an easement by prescription. Any trial of the issue presented by the deeds must be in Fulton County.[2]

It is clear that Lopez brought this action under OCGA § 44-9-59 and the basis for her action is an easement by prescription. For that reason the action was within the jurisdiction of the Gilmer County courts. Jurisdiction of an action against Walker based upon a deeded easement would have been in Fulton County, where Walker resided. While Walker was obligated to respond to the action in Gilmer County, he did not waive his constitutional right under Ga. Const. of 1983, Art. VI, Sec. II, Par. III, to have an equitable action against him to enforce an express easement brought in the county in which he resides. Because the language on the deeds would have injected prej-

---

[1] Before trial, Walker moved to dismiss an amendment to the petition and also moved in limine to limit the admissible evidence to that "necessary to prove or disprove an established right of prescription brought under OCGA § 44-9-59." The motion to dismiss was granted.

[2] The Supreme Court of Georgia has held that when one seeks equity assistance to perfect a title, Ga. Const. of 1983, Art. VI, Sec. II, Par. II does not apply. *Schuehler v. Pait*, 239 Ga. 520, 524 (2) (238 SE2d 65) (1977).

udicial and irrelevant material into this trial involving only a prescriptive easement, the trial court did not abuse its discretion in refusing to allow the deeds to be admitted into evidence and in redacting the plats. The trial court did not abuse its discretion in excluding the deeds from evidence.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JULY 2, 2001 —
RECONSIDERATION DENIED JULY 24, 2001 —

*Clifford S. Lancey*, for appellant.
*Robbman S. Kiker, John P. Tucker, Jr.*, for appellee.