S08A1110. MEA FAMILY INVESTMENTS, LP v. ADAMS.

(667 SE2d 609)

CARLEY, Justice.

This case involves a dispute over the ownership of a 1,350 square foot space located at the rear of the second floor of a building in Lawrenceville. There are two claimants: Appellee Christopher Adams, who rents the adjacent front portion of the second floor, and Appellant MEA Family Investments, LP, which owns the first floor of the building.

In 1899, the space in question was purchased by the Lawrenceville Lodge of Independent Order of Odd Fellows (Odd Fellows). The deed also granted a perpetual easement in the stairway from the first floor. In 1965, the Odd Fellows dissolved, and title to the space passed to the Grand Lodge of Georgia of the Independent Order of Odd Fellows (Grand Lodge).

In 2004, the Grand Lodge executed a quitclaim deed to Appellee. Shortly thereafter, Appellant, acting pursuant to OCGA § 44-2-20, filed an affidavit asserting title by adverse possession. Appellee brought suit, seeking removal of the affidavit as a cloud on his title. Appellant counterclaimed for ejectment or a declaratory judgment as to its title to the space by adverse possession. After discovery, Appellee moved for summary judgment. The trial court granted the motion, and ordered the cancellation and removal of Appellant's affidavit as a cloud on Appellee's title. Appellant appeals from the trial court's order.

"Prescriptive rights are to be strictly construed, and the prescriber must give some notice, actual or constructive, to the landowner he or she intends to prescribe against. [Cit.]" *Keng v. Franklin*, 267 Ga. 472 (480 SE2d 25) (1997). Appellant does not assert that it has written evidence of title, as provided in OCGA § 44-5-164. Therefore, in order to prevail, it must have possessed the space "in conformance with the requirements of Code Section 44-5-161 for a period of 20 years . . . ." OCGA § 44-5-163. Among those requirements is that the possession "[m]ust be public, continuous, exclusive, uninterrupted, and peaceable. . . ." OCGA § 44-5-161 (a) (3). Moreover,

> the prescription will not extend beyond the actual "posessio pedis," which means the area of actual possession as defined in OCGA § 44-5-165. [Cits.] Under OCGA § 44-5-165, actual possession may be evidenced by enclosure, cultivation, or any use and occupation which is so notorious as to attract the attention of every adverse claimant and so exclusive as to prevent actual occupation by another.

*Friendship Baptist Church v. West*, 265 Ga. 745 (462 SE2d 618) (1995). Thus, the question is whether a genuine issue of material fact remains as to whether Appellant's adverse possession of the space for the requisite 20-year period was sufficient to divest Appellee's interest of record based upon the Grand Lodge's chain of title.

In support of his motion for summary judgment, Appellee submitted an affidavit in which he recounted the circumstances occurring in the period between his occupation of the front portion of the second floor in October of 2003 and the Grand Lodge's convey-

ance to him of the rear portion in June of 2004. Those circumstances included the following: Appellee replaced the door at the base of the stairwell leading to the second floor and did not provide a key to that door to anyone; he used the rear space to store material for the renovation of the front area; and, he did not observe anyone other than himself and his agents either possessing the space or repairing or maintaining it. Also according to Appellee's affidavit, after the Grand Lodge deeded the space to him, he posted "No Trespassing" signs and, on two occasions, someone entered without authority. This evidence was sufficient to show that Appellant did not have a valid adverse possession claim, because it was not in continuous, exclusive, and uninterrupted actual possession of the space.

In opposing Appellee's motion, Appellant showed that, over a 40-year period, it repaired the roof of the building on several occasions and secured the windows. However, the purpose of those repairs seems to have been to protect Appellant's interest in the first floor, which it owned and leased out. Moreover, even assuming that the repairs could be considered as maintenance of the subject space on the second floor, such sporadic efforts are "not generally sufficient to constitute actual possession . . . . [Cit.]" *Friendship Baptist Church v. West*, supra at 746. Appellant also claimed that, on one occasion, property was removed from the space to a nearby building and that, from the late 1960's through 2004, it entered the space hundreds of times. However, that is immaterial, since "[a] mere entry, unaccompanied by an actual occupancy, is no possession at all." *Flannery & Co. v. Hightower*, 97 Ga. 592, 604 (2) (25 SE 371) (1895). Appellant possessed a key to the door at the bottom of the stairwell before Appellee replaced it and a key leading to the interior of the space. However, there is no evidence that those were the only keys such that no one else, including the Grand Lodge, could gain entry. Appellant never paid taxes on the property and never posted "No Trespassing" signs.

Even when the evidence is construed most favorably for Appellant, it is insufficient to authorize a finding that it acquired title to the Grand Lodge property by adverse possession. "The sporadic use of the property by [Appellant] was insufficient to establish adverse possession. There is no showing of uninterrupted and continuous possession for the requisite 20 years. [Cit.]" *Gurley v. East Atlanta Land Co.*, 276 Ga. 749, 751 (2) (583 SE2d 866) (2003).

> To constitute adverse possession, the [claimant] must either remain permanently upon the land, or else occupy it in such a way, as to leave no doubt on the mind of the true owner, not only who the adverse claimant was, but that it was his purpose to keep him out of his land. . . . Adverse possession

is to be made out by acts which are open, visible, notorious and *continuous*; and does not depend upon the secret purpose or intention of the intruder; that he will return at his convenience, sooner or later, and reoccupy the land. (Emphasis in original.)

*Denham v. Holeman,* 26 Ga. 182, 191 (6), (7) (1858).

Summary judgment is proper when no genuine issue of material fact remains. Assuming, without deciding, that a factual dispute may remain as to some immaterial issues, summary judgment was properly granted to Appellee.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Thompson & Sweeny, Virgil L. Thompson, Jr., Frank Hartley,* for appellant.

*Carothers & Mitchell, Richard A. Carothers, J. Michael McGarity,* for appellee.