**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 4, 2023**

# In the Court of Appeals of Georgia

A23A0909. PINEDA v. LEWIS et al.

DOYLE, Presiding Judge.

In this dispute between neighbors over the right to a private way, Juana Pineda appeals from a probate court order[1] holding that Venerra and John Lewis are entitled to a private way over Pineda's property. Specifically, Pineda argues that (1) the probate court erred because the Lewises failed to demonstrate that they met the elements to establish a prescriptive use, and (2) because the probate court failed to

---

[1] Pineda originally appealed the probate court order to the superior court, which properly transferred the case to this Court. See generally OCGA §§ 15-9-120 (b), 15-9-123 (a) ("Either party to a civil case in the probate court shall have the right of appeal to the Supreme Court or the Court of Appeals from any decision made by the probate court, except an order appointing a temporary administrator or an order appointing an emergency guardian or emergency conservator. . . . ").

rule on the trespass claim, the case should be remanded for such a ruling. For the reasons that follow, we reverse.

This case originated in March 2021 when the Lewises filed a complaint in superior court against their adjacent landowner, Pineda. The dispute arose because Pineda allegedly blocked the Lewises from using a shared driveway that runs over Pineda's property and between the two houses. The complaint asserted two claims: one for relief under OCGA § 44-5-59[2] (pertaining to the removal of obstructions to private ways) and one for money damages due to roof damage allegedly caused by tree work done by Pineda. After Pineda filed an answer, the parties agreed to the entry of a consent order by the superior court transferring the case to the probate court "for

---

[2] OCGA § 44-9-59 (a) provides, in relevant part:

> In the event the owner . . . of land over which a private way may pass . . . obstructs, closes up, or otherwise renders the private way unfit for use, the party or parties injured by the obstructions . . . may petition the judge of the probate court. . . to remove the obstructions. . . . If it appears that the private way has been in continuous, uninterrupted use for seven years or more and no steps were taken to prevent the enjoyment of the same, the judge shall grant an order directing the party or parties so obstructing or otherwise interfering with the right of way to remove the obstructions. . . .

2

adjudication of the issue of an obstruction over an alleged private way pursuant to OCGA § 44-9-59." The order transferring the case also stated that "all other issues are reserved until further hearing by the [c]ourt."

The probate court held a hearing in September 2021, but no transcript appears in the appellate record. It is undisputed, however, that the probate court had before it and considered a deposition and affidavit by Steve Morgan, the Lewises' immediate predecessor in interest. According to Morgan's account, which is not materially disputed by either party, his uncle purchased the Lewises' property in the 1960's and later transferred it to Morgan's mother, who transferred it to Morgan and his sister before they transferred it to the Lewises in 2016. During the time Morgan's uncle owned the property, Pineda's property was owned by Sam Elliot. Morgan grew up on the street and was familiar with his uncle's house as well as Elliot's house. During that time, Elliot permitted Morgan's uncle to use the driveway as a shared driveway: "He said just don't ever block the driveway. He said we'll just use it and share it."

Later, sometime in the 1990s, Morgan recalled helping his grandmother put gravel on the driveway to keep it from washing out. His grandmother asked Elliot for permission to put the gravel on the driveway, and Elliot said, "[w]ell if you want to pay for it, it's fine with me. . . There was always an understanding. There was no

bickering." According to Morgan, Elliot had always permitted them to share the driveway, and his affidavit states clearly that "[n]ever in my entire life (I am almost 65 years old) has there been any issue with the driveway not being shared or co-owned. It was just understood that both houses needed access to the driveway[,] and it was shared. No issue was ever brought up about this during all these years."

Based on the evidence before it, the probate court issued a single-sentence order in favor of the Lewises: "The Court finds a private way exists between the parties' properties and orders [Pineda] to remove all obstructions from the private way to allow access to the [Lewises]."

Pineda filed a notice of appeal in the probate court, seeking to appeal its ruling to the superior court. The superior court initially took the appeal, creating a separate case number from the initial case filed by the Lewises.[3] Following an evidentiary hearing, the superior court determined that the appeal was properly made to this Court under OCGA § 15-9-123, which provides that "[e]ither party to a civil case in the probate court[4] shall have the right of appeal to the Supreme Court or the Court of

---

[3] For this reason, the case before us is not interlocutory; it is a separate appeal apart from the trespass case, which remains in the superior court.

[4] In this context, the term "probate court" refers to the probate court in counties populated by more than 90,000 people. See OCGA § 15-9-120. It is undisputed that

Appeals from any decision made by the probate court. . . ." Accordingly, without addressing the appeal, the superior court transferred it to this Court, and it took no action on the separate case addressing the trespass claim regarding damage to the Lewises' roof allegedly caused by Pineda's tree work. We now address the appeal transferred to this Court.

1. Pineda contends that the probate court erred because the Lewises did not establish the elements of a prescriptive easement under OCGA § 44-9-54. Based on the undisputed evidence that the historical use and improvements to the driveway have always occurred with the permission of Pineda's predecessor, we agree.

> The right of private way over another's improved land may arise from prescription by seven years' uninterrupted use [under] OCGA § 44-9-1. Where an owner of land over which a private way passes obstructs the private way, the injured party may[, as the Lewises did here,] petition the probate court to remove the obstruction [under] OCGA § 44-9-59 (a). Successive users [such as the Lewises] may tack prescriptive title [under] OCGA § 44-5-172. A private way may not be acquired by prescription where use of the private way is with the

the probate court at issue, Floyd County Probate Court, meets this definition.

5

owner's permission until an adverse claim is made and actual notice [of the adverse claim] is given to the owner or party in possession.[5]

Here, there is uncontroverted evidence that the Lewises' predecessor used the shared driveway with the explicit permission of Pineda's predecessor, Elliot. There was never a dispute about the shared use of the driveway, and Elliot had always allowed the use of it, including granting explicit permission to improve the driveway by adding gravel. "Repairs performed with the owner's permission or by agreement cannot establish a prescriptive easement."[6] Thus, the undisputed evidence conclusively establishes that the use of the shared driveway was permissive, not adverse.[7]

The Lewises argue that they did not need to demonstrate notice of an adverse claim, citing OCGA § 44-9-54, which provides that "[w]henever a private way has been in constant and uninterrupted use for seven or more years and no legal steps

---

[5] (Citations and punctuation omitted.) *Douglas v. Knox*, 232 Ga. App. 551, 552 (2) (502 SE2d 490) (1998).

[6] *Wilkes 581 Farms, LLC v. McAvoy*, 356 Ga. App. 732, 737 (c) (848 SE2d 905) (2020).

[7] The Lewises had owned their property for only 4 years and 11 months before they filed this action. Therefore, they cannot show that their use, if somehow shown to be adverse, satisfied the 7-year use requirement.

6

have been taken to abolish it, it shall not be lawful for anyone to interfere with that private way." Based on this language, they contend that they are not seeking a prescriptive/adverse right by their use, but instead a private way. But this ignores long-established statutory and case law in Georgia that the private way interest described in OCGA § 44-9-54 is part of the scheme set out in OCGA § 44-9-1 et seq., which establishes how it may be acquired: "The right of private way over another's land may arise from an express grant [or] *from prescription* by seven years' uninterrupted use. . . ."[8] This *prescriptive* right is the very relief the Lewises sought in their action in the probate court under OCGA § 44-9-59, and it requires notice of adverse use to initiate the prescriptive period.[9]

_____

[8] (Emphasis supplied.)

[9] See OCGA §§ 44-9-1; 44-9-54; 44-9-55. See also *Holloway v. Birdsong*, 139 Ga. 316, 317 (77 SE 146) (1913) ("The act of 1872, codified in §§ 824, 825, 826, and 827 of the Civil Code, [now OCGA §§ 44-9-54 and 44-9-59] giving the ordinary jurisdiction to try summarily the question of removing obstructions to private ways, is confined to cases of private ways *which arise by prescriptive right* acquired by seven years or longer, of possession or user of the same.") (emphasis supplied). See generally *Burnum v. Thomas*, 71 Ga. App. 690, 693 (31 SE2d 925) (1944) ("'When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber. . . .'"); *Wilkes 581 Farms, LLC*, 356 Ga. App. at 734-735 (explaining that "to obtain a private way over the land of another from prescription by seven years' uninterrupted use" under OCGA § 44-9-1, the use must "be adverse rather than permissive") (punctuation

Cases addressing claims to private ways under the same statutory scheme relied on by the Lewises illustrate this. "[T]he right which [the Lewises seek] under [OCGA § 44-9-1], if obtained, is a prescriptive right by use, and, the decisions of this court are that under [OCGA § 44-9-1], the notice required is notice of the assertion of an adverse use, under claim of right, as distinguished from a mere permissive use."[10] Notice of adverse use

> is particularly requisite when the use originates under a [permissive] license[, as it did here.] Where an open and visible use originated in a license and subsequently becomes adverse, knowledge that the use is under a claim of right, *and not under the license*, must be brought home to the owner of the servient estate, either expressly or impliedly. . . .[11]

Here,

> [t]he evidence showing [the prior permissive] use of the [driveway] as the only notice given to [Pineda and her predecessors] fails utterly to

---

omitted).

[10] (Citations and punctuation omitted.) *Eileen B. White & Assocs. v. Gunnells*, 263 Ga. 360, 362 (434 SE2d 477) (1993).

[11] (Punctuation omitted; emphasis supplied.) Id. at 362. See also *Ponder v. Williams*, 80 Ga. App. 145, 151 (2) (80 SE2d 145) (1949) ("If the use and repairs made on this road by [the plaintiff] were by permission of the owner of the . . . land, as was her first right to use it [by permission], then in such circumstances she did not acquire a prescriptive right or title to the road in question.")

8

prove that [Pineda and her predecessors] were appri[s]ed of [the Lewises's] adverse claim. In such circumstances, the [probate] court erred in sustaining [the Lewises' claim].[12]

Accordingly, we reverse the judgment of the probate court granting a private way through prescriptive use.[13]

2. Pineda contends that this Court should remand the case for determination of the Lewises' trespass claim. But as noted above, that claim was given a separate case number and remains pending in the superior court. Accordingly, the trespass case is not before us, and it need not be remanded.

*Judgment reversed. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*

---

[12] (Punctuation omitted.) *Eileen B. White & Assocs.*, 263 Ga. at 362.

[13] See *Douglas*, 232 Ga. App. at 553 (2) (affirming a judgment denying a petition to remove an obstruction in a private way because the petitioner "failed to prove that he and his predecessors made *adverse* use of the trail for seven or more years") (emphasis supplied); *Eileen B. White & Assocs.*, 263 Ga. at 362 ("An owner's acquiescence in the mere use of his road establishes, at most, a revocable license.").